# CASES DETERMINED

AT THE

# January Term, 1903.

VODREY POTTERY COMPANY, Respondent, vs. H. E. HORNE COMPANY, Appellant.

*February 4—February 24, 1903.*

*Sales: Warranty: Defects: New agreement without warranty: Fraudulent representations.*

1. After receipt and inspection of goods purchased the vendee notified the vendor of defects therein. The vendor wrote, proposing an adjustment whereby all defective goods should be thrown out and those undamaged should be accepted under the original contract of sale. The vendee replied, expressing its belief that the damage was greater than would then appear, fixing a price which it was willing to give for the goods and take its chances as to the quality, and refusing otherwise to accept the goods. The vendor accepted this proposal, the new price being considerably less than the original one. *Held,* that the original contract was, by mutual consent, rescinded and superseded by a new contract at a reduced price without warranty.

2. Mere expressions of opinion, with the reasons therefor, as to the extent of the defects, contained in the vendor's letter proposing an adjustment, could not be considered as fraudulent representations whereby the vendee was induced to enter into the new contract, since they were followed by the vendee's letter expressing disbelief therein, rejecting the proposed adjustment, and offering to pay the reduced price and "take the chances."

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

VOL. 117—1

Plaintiff, a manufacturer, about December 31, 1900, sold to the defendant, a wholesale dealer, a quantity of crockery, at the original price of $1,350.27. Upon its arrival, about January 15, defendant found the same characterized by a defect known as "crazage," apparently consisting in very small cracks appearing in the external glaze—a trouble which, as testified on behalf of defendant, results from bad chemical combination or imperfect firing, and which develops more and more if such condition exist. Defendant immediately wrote the plaintiff of this fact, and sent some samples. The plaintiff replied promptly, admitting the defects, and requesting careful inspection to be made, and all defective pieces to be thrown out and charged up to it, together with the expense of inspection. Thereupon, on January 21, 1901, the defendant wrote, expressing its belief that the bad condition was greater than would then appear by inspection, and that the injury to it would be very serious from trying to handle such imperfect crockery, and declaring that it preferred to fix a price which it would pay for the crockery and take its chances on its being profitable or unprofitable; refusing otherwise to accept the consignment. It fixed the price which it was willing to give. To this proposition the plaintiff immediately, on January 23d, replied by acceptance; the new price being $305.93 less than the original invoice. The defendant on February 2d remitted $544.34, and on April 10th, $250; promising on the last occasion to send the remaining $250 the 1st of May; at the same time declaring that the new contract had turned out unprofitably to it, as the crazage had already amounted to more than the reduction and it was having new complaints. Failing to remit the balance as promised, it refused plaintiff's demand to pay it, and suit was brought, laying the cause of action upon the written contract closed by acceptance of defendant's offer of the reduced price.

The answer admitted a purchase on December 31st, accom-

panied by warranty, and subsequent credit of $305.93 on account of faulty condition, and counterclaimed for breach of the warranty of quality, resulting in damages aggregating some $1,700.

At the close of the evidence the court directed a verdict for the plaintiff for the $250 balance, with interest; upon which, after motion for new trial, judgment was entered, from which the defendant appeals.

The cause was submitted for the appellant on the brief of *Martin Bergh*, and for the respondent on that of *McConnell & Schweizer*.

DODGE, J.  We deem it clear that the trial court was right in holding that the only existing contract between the parties was that created by their letters after the crockery had been received and examined by defendant and rejected as not satisfying the earlier executory contract of purchase. The contract so made by these letters not only contained nothing of express nor implied warranty, but, on the contrary, did contain an express agreement on defendant's part to take its own chances as to the quality of the goods. Defendant's managing officer had at the time inspected them, discovered that they were defective to some extent, and anticipated that the defects would increase with time and further examination, and so declares expressly in his letter proposing to purchase them at a specified price—some $300 less than that originally agreed upon. From this view unavoidably results the conclusion that plaintiff is entitled to recover the price fixed in this contract, and that the counterclaim based upon breach of warranty has no foundation, for there was no warranty. Hence the court correctly directed a verdict in favor of the plaintiff for $250 and interest, the concededly unpaid balance of the contract price.

Defendant devotes considerable space to discussion of the law of accord and satisfaction, which is beside the issue. The

letters make plain that, upon examination of the goods, defendant rejected them and refused to receive them under the contract made about December 31, 1900. To this plaintiff assented, after first proposing a method of adjustment whereby the undamaged goods should be accepted under the original bargain. Thus the contract of December 31st was, by mutual consent, rescinded, and the goods were the plaintiff's. The letters of January 21st and 23d constitute a new contract of sale, and upon that contract this action is brought and the complaint is based.

2. Error is assigned on the refusal by the court of an offer, made first when defendant's manager, H. E. Horne, was on the stand, and amplified in writing after verdict, by consent of court, to show that defendant was induced by misrepresentations contained in a certain letter of January 17, 1901, from plaintiff to it, to believe that only a very small portion of the goods was subject to the defects it had found to exist in some of them; hence, that the so-called settlement, or, as we have termed it above, the second contract of purchase made after the rejection of the goods as not satisfying the first purchase, should be deemed rescinded. It is notable that there is no allegation in defendant's answer that it was induced to enter into this contract by fraud, and no issue in the pleadings warranting the admission of the evidence so tendered; but, apart from this consideration, an examination of the letter of January 17th satisfies us that there is contained therein no material statement of fact as upon the knowledge of the plaintiff, upon which the defendant could have relied and been thereby induced into making the compromise. It contains, at most, mere expressions of opinion, with the reasons therefor. It does not assert absence of defects except in goods from two imperfect kilns, as defendant contends, but merely the opinion that the crazage then discovered might be due to those kilns, because the damaged sample sent plaintiff appeared as if crazed in the kiln. Many other facts such as

counsel now suggests as probably existing obviously could not have been within the knowledge of the witness by whom proof was offered to be made, as the court could see at the time of the offer. Apart from this, however, defendant's letter following that of January 17th declares disbelief in the conditions now claimed to have been believed, and made such disbelief the ground for repudiating plaintiff's offer of adjustment and insisting on repudiation of the goods. No error was committed in refusing this offer of proof.

3. An offer was made of oral testimony to the effect that a certain small quantity of the original consignment was not included in the so-called compromise. The letters themselves are sufficiently plain to assure the construction that the new sale and purchase covered the same and all the goods shipped and received, and the parol evidence tending to modify the written contract was properly rejected.

We find no error in the record.

*By the Court.*—Judgment affirmed.