## HUSTON v. HUSTON.

1. **Will**: CONSTRUCTION OF. A clause in a will was to the effect that the devisee was " to settle and pay all my just debts and demands against me, which my home place and Fitzsimmons' judgment will pay, and put a tombstone over my remains." *Held,* that the devisee must pay all the debts, although they may exceed the value of the items of property specified. Following *Huston* v. *Huston,* 29 Iowa, 347.

2. —— DECLARATIONS OF TESTATOR. While the situation and circumstances surrounding a testator may properly be given in evidence in aid of the interpretation of his will, yet they must be material facts, and not the testator's declarations tending to contradict or vary the will.

3. —— DEVISE BY DEBTOR TO CREDITOR : WHEN A SATISFACTION. The presumption of satisfaction of a debt, when a debtor makes a devise to his creditor, never arises except where the legacy is, at least, of equal value, and of the same character as the debt; and this presumption is not to be extended.

4. **Statute of limitation :** DEVISEE. A devisee charged with the payment of all the debts of his testator may avail himself of any defense, including the statute of limitations, which could be used by the executor if sued upon the same debt.

### *Appeal from Polk Circuit Court.*

TUESDAY, DECEMBER 16.

THIS action is brought on two notes executed to plaintiff by William H. Huston, one dated April 15, 1863, for $100, payable when called for, with ten per cent interest, and the other dated June 10, 1860, for $100, payable in twelve months, with ten per cent interest. William H. Huston died in April, 1867,

leaving a will by which he made the defendant, J. B. Huston, his executor, and also devised to him certain property, including the home place and Fitzsimmons' judgment, and concluding the devise with these words: "Said J. B. Huston to settle and pay all my just debts and demands against me, which my home place and Fitzsimmons' judgment will pay all I am indebted and put a good large tombstone over my remains." The defendant qualified as such executor shortly after the testator's death, accepted the devise and proceeded to settle the estate. This action is brought to recover of the defendant, personally, the amount of said notes on the promise to pay them implied by his acceptance of the devise. There was a jury trial; verdict and judgment for plaintiff. The defendant appeals.

*W. W. Williamson* for the appellant.

*Gatch & Wright* for the appellee.

COLE, J. — I. By the answer and cross-petition and the demurrers and motions connected therewith, the question of the true construction of the will of William H. Huston, deceased, is presented. This question, however, was decided by this court in the case of *Huston* v. *Huston*, 29 Iowa, 347, and it was there held, that by the concluding sentence of the devise to this defendant, Jonathan B. Huston (set out in the above statement), he took his devise with the liability to pay all the debts of the estate, and that this burden was not limited to the value of the home place and the judgment. It is true that the court then regarded the question as a very close one, and the construction was adopted, not without doubt as to its correctness — one member of the court did not concur in, nor did he dissent from that construction. Two members of the present court were not then on this bench, but they concur, as does the whole court, in the construction there given as being the most reasonable one, for that it gives some force and meaning to all the language used. In the rulings made by the circuit court upon the motions and demurrers now assigned as error,

1. WILL.

the construction of the will heretofore given by this court was followed and adhered to. They are therefore affirmed.

II. The defendant offered to prove by several witnesses the parol declarations of the testator respecting the bequest to

2. — declarations of testator. plaintiff being in satisfaction of the debts sued on; and also respecting the devise to defendant, and as to his intention that defendant should have the most of his property, etc. These were excluded, and properly so. The will must speak for itself. Certain questions were also asked respecting the residence of the testator and his health for years prior to his decease; the amount of his estate and the amount of his debts, etc. These were also properly excluded. For, while the situation and circumstances surrounding a testator may properly be given in evidence in aid of the interpretation of his will, yet those offered in this case were quite immaterial for that purpose, as to the clause in question.

III. It was also claimed by counsel for defendant and denied by the court below, that the devise to plaintiff by the testator

3. — devise by by debtor to creditor. of two small parcels of land, a shot-gun, dictionary and a judgment in the testator's favor of $125 against one William Jackson, was a satisfaction or discharge of the indebtedness sued on. The modern doctrine appears to be that the presumption of satisfaction of a debt, by legacy given, is not to be extended; and the presumption was never applied except where the legacy was at least of an equal amount and of the same character as the debt. *Chancey's case*, 1 P. Wms. 408, and notes to it in 2 Lead. Cas. in Eq. (3d Am. ed.) 564, *et seq.; Eaton* v. *Burton*, 2 Hill, 576; *Cloud* v. *Clinkenbeard*, 8 B. Monr. 397. See also 2 Redf. on Wills (2d ed.) 184–193, and cases cited; (1st ed., pp. 514–525). Here, there is neither equality in amount, nor similarity in character.

IV. The defendant also pleaded and relied upon the statute of limitations. There is and can be no question that as against

4. STATUTE OF LIMITATIONS. the testator, if alive, or as against his executor the note given June 10, 1860, is barred by the statute, this action having been commenced July 25, 1871.

But it is claimed by plaintiff and denied by defendant, that since the defendant accepted the devise to him in April, 1867, a fact which is conceded, that the debt was not then barred as against W. H. Huston, and that by the acceptance of the devise the defendant then made an implied promise to pay the debt, and that promise is not barred. The respective counsel argue the question, but neither of them refer to any authority directly deciding the question. We have seen no case in point.

It appears to us that the promise implied by the acceptance of the devise is, that he will pay all the debts of the testator which are enforceable against his estate, whether they are less or more than the value of the portion of the estate devised to him, and that in order to collect the debt from such a devisee, it must be such a debt as could at the time be enforced against the estate ; and that any defense available by an executor against the debt may be used by the devisee. In this respect, the liability of such a devisee is different from that of a person who makes a promise to pay a specific debt for another. But, even in this last case, the promise must be in writing, as also must a promise be in writing in order to be sufficient, under our statute, to defeat the bar by limitation. Notwithstanding the devise, its acceptance by the devisee and his liability thereby, the estate still remains liable to the creditor, and it seems to us that the creditor cannot hold his cause of action until it is barred as against the estate, his principal debtor, and then enforce it against the devisee, who stands to the creditor only as a surety, though as to the estate he may be principal. The circuit court held otherwise, and so instructed the jury. For this error the judgment is

Reversed.