## GATES v. BALLOU ET AL.

1. **Statute of Limitations**: WHO MAY PLEAD: MECHANIC'S LIEN.
One having an interest in real estate, who is not made a party to an action to foreclose a mechanic's lien thereon, may resist the enforcement of the decree by injunction on the ground that the action was barred by the statute of limitations.

*Appeal from Clarke District Court.*

' SATURDAY, OCTOBER 21.

ACTION in equity to restrain a sheriff's sale of real estate upon a decree establishing a mechanic's lien. Upon a trial the preliminary injunction which had been granted was dissolved, but the judgment on the mechanic's lien was modified by ordering a credit thereon of ninety dollars, alleged to have been paid before the judgment was rendered. The plaintiff appeals from the decree dissolving the injunction, and the defendants appeal from the order directing the credit to be made upon the judgment.

*John Chaney*, for plaintiff.

*W. M. Wilson* and *McIntire Bros.*, for defendant.

ROTHROCK, J. This cause has once been before this court on an appeal from an order dissolving the injunction, upon answer, affidavits and motion. See 54 Iowa, 485. The order was reversed and the cause remanded and a trial was had upon the merits. It appears from the pleadings and evidence that

one Gardner was the owner of eighty acres of land, and that on the 2nd day of October, 1874, he executed a mortgage thereon to plaintiff to secure the payment of $900 and interest. October 31, 1876, Gardner purchased lumber and material of one Jenson, which was used in the erection of a building on said land. At the same time he entered into a contract with Jenson by which the claim for lumber and materials was made a mechanic's lien upon the premises. This claim for a lien was filed in the office of the clerk of the District Court, on the 6th day of December, 1876. On the 28th day of August, 1878, Gardner conveyed the land to the plaintiff, in payment of the mortgage, the whole amount secured thereby being then unpaid.

Jenson assigned the mechanic's lien to one Barnard, and he assigned the same to the defendant Wilson, and on May 8th, 1879, Wilson commenced an action to foreclose the mechanic's lien, in which Gardner alone was made party defendant. At the next term of court judgment was rendered against Gardner for the full amount of the claim, and a decree was entered, establishing the lien as against the building and land. Special execution was issued upon the judgment and decree, and the land was levied upon and the sheriff was proceeding to sell the same, when this action was commenced. The plaintiff claims that Gardner had paid $90 of the indebtedness before it was assigned to Wilson, and also that the claim should not be enforced against either the building or land, as against the plaintiff, because the same is barred by the statute of limitations. The evidence as to the payment of the sum of $90 is in conflict. The District Court found that the payment was actually made, and we incline to think the finding was correct. But in the view we take of the case a determination of this question is unnecessary. We think the whole controversy must be disposed of upon the question as to the statute of limitations. The mechanic's lien was filed, as has been seen, on the 6th day of December, 1876. No action was commenced to foreclose the same until May 8th,

1879, a period of more than two years. The action to foreclose the lien could not have been maintained if Gardner had resisted it. Code, § 2529. The plaintiff herein was not made a party to that action, although she was then invested with the title to the land by Gardner's conveyance to her. It cannot be doubted that while she could have made no effectual resistance to a judgment against Gardner, if she had been made a party, yet she could have interposed the statute of limitations as an effectual bar to the establishment of any lien as against the building or land. We cannot perceive that she has lost any rights by the action of Wilson against Gardner. It is a fundamental principle that no one can be prejudiced by any legal proceeding to which he is not a party, and she need not defer action in asserting her rights until proceedings shall be instituted against her to acquire possession under a sheriff's sale and deed. The sale and deed would cast a cloud upon her title and she has a right to maintain this action to restrain the sale, and show that the judgment and decree is no lien as against her.

It is said, however, that Gardner, by the contract for the lien, waived the statute of limitations. Whether he could make such waiver binding upon the plaintiff, who was then a mortgagee of the land, we need not determine, because we do not think the contract amounted to a waiver, as between the parties thereto. The language relied upon is as follows: "I hereby agree that you shall have a mechanic's lien until the same is paid." But the contract also provides that payment was to be made March 1st, 1877. This is no waiver of the statute of limitations, either in terms or by implication.

It is urged that the conveyance from Gardner to the plaintiff was fraudulent and void, because there was a secret reservation by which Gardner had the right to redeem the land at any time prior to October 15, 1879, and in the meantime was to retain the possession thereof. It is a sufficient answer to this proposition to say that the consideration for the mortgage is in no way questioned, and the conveyance is not at-

tacked by the pleadings as being fraudulent. It is not sought to be set aside. In short, there is nothing in either the pleadings or evidence warranting any attack upon the plaintiff's title as founded in fraud. The court below should have entered a decree perpetually enjoining a sale of the land under the judgment and decree against Gardner. Upon the plaintiff's appeal the decree dissolving the injunction will be reversed, and the cause will be remanded to the court below for a decree in harmony with this opinion, or at plaintiff's election such decree will be entered in this court.

REVERSED.