Riddle v. Beattie.

## RIDDLE v. BEATTIE.

1.  **Trust: WHAT IS NOT.** Plaintiff conveyed real estate to T. in consideration of T.'s agreement to furnish support to plaintiff during life, and afterwards, by agreement between plaintiff and T. and defendant, T. conveyed the land to defendant, who assumed the obligation to furnish support to plaintiff. *Held* that by these transactions no trust was created as between plaintiff and T., or plaintiff and defendant.

2. **Statute of Limitations**: AGREEMENT TO SUPPORT FOR LIFE. An action for a breach of an agreement to support plaintiff for life is not barred by the statute of limitations during plaintiff's life. The length of time for which recovery may be had is a different question, not arising in this case.

3. **Practice**: WRONG FORUM : RESULT. The fact that an action at law is erroneously brought as an action in equity is no ground for demurrer or abatement, but only for a motion to transfer to the law docket and for a corresponding change of the proceedings. ( See cases cited in opinion. )

*Appeal from Floyd District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, FEBRUARY 6, 1889.

ACTION in chancery to enforce a contract for plaintiff's support by an order compelling defendant to pay plaintiff a sufficient sum to be used for that purpose, and for other and further relief demanded by equity. A demurrer to the petition was sustained. Plaintiff appeals.

*Robert Eggert,* for appellant.

*R. G. Reiniger,* for appellee.

BECK, J.—I. The petition alleges that plaintiff, with another, conveyed certain real estate to one Townsend, in consideration of support to be furnished during their lives, which he bound himself by written contract to furnish. The other person joining with plaintiff in the contract died. Soon after, Townsend conveyed a part of the real estate to another, taking a mortgage to secure the payment of the purchase money. Afterwards, Townsend and plaintiff, being desirous to cancel Townsend's contract, for that purpose entered into an oral contract with defendant that he should assume and carry out Townsend's contract for plaintiff's support, and, in consideration thereof, Townsend should convey to him the land and assign the mortgage ; which were done accordingly, and defendant thereby

acquired title to the land and the mortgage. Thereupon the writing between plaintiff and Townsend was canceled and destroyed. It is alleged that defendant, though required so to do, refused to perform his contract for plaintiff's support. The plaintiff prays for relief in the following language: "Wherefore plaintiff prays that defendant be ordered to pay the plaintiff a sufficient sum to maintain and support herself during her natural life, or that an account be taken of the personal property so received by the defendant, including said Galuckson mortgage, and its present value be determined by adding to the principal the accrued interest, and that plaintiff may have judgment against defendant for said value, and for any other and further relief which the court may deem just and equitable in the premises, and for her costs." To the petition defendant interposed a demurrer, based upon the following language: "(1) Said petition shows on its face that the alleged cause of action and trust are barred and covered by the statute of frauds; (2) that the alleged trust which plaintiff seeks to enforce was not made in writing; (3) that the alleged cause of action is barred by the statute of limitations; and (4) that the facts alleged in plaintiff's petition do not entitle the plaintiff to the relief demanded in said petition, nor to any relief in equity." The district court sustained the demurrer, and plaintiff, refusing to further plead, dismissed her petition.

II. In our opinion the district court erroneously sustained the demurrer. There is no question of trust in the case. The facts alleged in the petition do not establish a trust, arising either between plaintiff and Townsend, or plaintiff and Townsend and defendant. The petition shows that Townsend undertook to support plaintiff, and, in consideration of such agreement, the land was conveyed to him. There it not a word in the petition showing a trust arising in the transaction. Defendant held the absolute title, free from any trust, and became liable to plaintiff as upon any other contract, in case he failed to perform his obligation to support her. Defendant assumed and

1. TRUST : what is not.

undertook to carry out Townsend's contract, and of course became bound just as he was bound by the obligation of the contract, and not as a trustee.

III.  The action is not barred by the statute of limitations, for the reason that defendant's contract is continuing, binding defendant to support plaintiff as long as she lives.  Defendant is liable for breaches of the contract while it continues in force, which will be as long as plaintiff lives.  The length of time for which recovery may be had in an action is a different question, not arising in this case.

*2. Statute of limitations: agreement to support for life.*

IV.  Plaintiff's cause of action for a breach of the contract doubtless is at law; but this is not a ground of demurrer and abatement of the action.  For the error in the choice of the forum, the proceeding, and the relief asked, the defendant should have sought, by motion, the transfer of the action to the law docket, and a change of the proceedings accordingly.  Code, sec. 2514; *Gibbs v. McFadden,* 39 Iowa, 371; *Brown v. Mallory,* 26 Iowa, 469; *Byres v. Rodabaugh,* 17 Iowa, 53; *Conyngham v. Smith,* 16 Iowa, 471.

*3. Practice: wrong forum; result.*

These considerations dispose of all questions in the case.  The judgment of the district court is

REVERSED.