HARRISON COUNTY, Appellant, v. SAMUEL L. DUNN, Appellee.

**Estates of Insane Persons:** LIABILITY TO COUNTY FOR COMMITMENT AND CARE: STATUTE OF LIMITATIONS. An action by a county against the estate of an insane person to recover the cost of the investigation into such person's sanity, and of his care in the hospital for the insane, is barred after the lapse of five years.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

TUESDAY, JANUARY 26, 1892.

THE defendant was, in 1877, by the commissioners of insanity of the plaintiff county by regular proceedings adjudged insane, and committed to the insane asylum at Mt. Pleasant, where he remained until September, 1888. The expenses of the investigation, commitment and care amounted to the sum of two hundred six dollars and forty-eight cents, all of which was duly paid by the plaintiff, an itemized statement thereof appearing in the petition. An amendment to the petition states: "All payments made for his support, care and attendance while confined in said hospital were incurred and made under and by the requirements of the statutes of Iowa relating to the care of the insane in the several counties of the state;" and that the charges and expenses are reasonable. To the petition there is a demurrer on the ground that "It affirmatively appears on the face of the said petition and amendment that the claim sued upon, and the right to sue thereon, is completely barred by the statute of limitations." The district court sustained

the demurrer, and from its action the plaintiff appeals. *Affirmed*.

*J. S. Dewell*, for appellant.

*S. H. Cochran*, for appellee.

GRANGER, J.—This is an action upon an account, and the only question in the case is, is the action barred in five years, as in other like actions? The following from the appellant's argument will indicate the grounds of its claim that the statute does not apply. "The propositions of plaintiff restated are these: *First*. As recognized by the statute, this was a debt due the state, and the statute of limitations does not apply. *Second*. By payment and assumption of the claim the county succeeds to all rights and privileges of the state. *Third*. The statute (section 1433) expressly provides that the estates of insane patients remain liable until relieved by affirmative action of the board of supervisors. *Fourth*. The counties are especially authorized and empowered to collect these debts as the board of supervisors may determine. *Fifth*. By necessary implication the statute relating to the limitation of actions is by this section suspended, so far as this class of claims is concerned."

The second proposition legitimately follows the first in its disposition. An examination of the entire statute on the subject of the care of the insane nowhere indicates that the state assumes a burden or liability for such care where the patient is a resident of any county, but the law expressly imposes such burden and primary liability on the resident county of the insane person. So direct is the statute to this effect that it requires the auditor of this state to keep an account, based on the certificate of the superintendent of the hospital, with each county having patients therein, and to "notify the county auditor of each county so owing of the amount thereof, and charge the same to said

county." Then follows the provision that the "board of supervisors shall levy a tax in said county for said amount, and pay the amount due the state into the state treasury." The law makes the county the debtor to the state and hospital. After payment by the county, not before, the law makes the estate of the patient debtor to the county. Code, section 1433 provides: "The provisions herein made for the support of the insane at public charge shall not be construed to release the estate of such persons from liability for their support, and the auditors of the several counties, subject to direction of the board of supervisors, are authorized and empowered to collect from the property of such patients any sums paid by the county in their behalf as herein provided." This action is based on the liability of the estate of the defendant, and a mistake by the appellant seems to be in fixing to whom or what it is liable. By the plain letter of the statute, its liability is to the county for what the county has paid in its behalf. There has never been, under the law, a business relation or obligation between the defendant's estate and the state. When the county paid its debt to the state, the payment gave rise to an obligation of the estate to the county, and a right of action therefor. With that right of action began the running of the statute. The point that such claims remain in force until relieved by affirmative action by the board of supervisors is not well taken. The statute merely permits the board to relieve the estate for a particular reason, as might any other creditor under the law; but the failure to so act does not affect the operation of the statute of limitations. We think there is nothing in the authority given the board of supervisors to collect such debts that operates in any way to suspend the operation of the statute, and that the action is barred thereby.

The demurrer was rightly sustained, and the judgment is AFFIRMED.