THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corpora-
tion of the State of Delaware *vs.* THE WILMINGTON CITY
RAILWAY COMPANY, a corporation of the State of Delaware.

*Case Stated—Municipal Corporation—Street Railway Company;*
*Liability for Paving Along its Tracks—Recovery by City*
*for Paving—Statute.*

1.    Upon the facts contained in a case stated, *held* that the City of
Wilmington, cannot recover from the Wilmington City Railway Company,
the defendant, a sum paid by said city for paving on each side of said de-
fendant's railway tracks in the City of Wilmington.

*(December* 4, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Sylvester D. Townsend, Jr.,* City Solicitor, for plaintiff.

*Walter H. Hayes* and *Ward* and *Gray* for defendant.

Superior Court, New Castle County, November Term, 1906.

SUMMONS CASE (No. 207, May Term, 1904), to recover the
sum of $579.15 for paving one foot on each side of the defendant's
railway tracks in the City of Wilmington, on Washington Street
between Eleventh Street and Washington Street Bridge.
(See other facts in case stated and arguments of counsel.)

Case stated filed November 13, 1906, showing the following
statement of facts agreed upon between, and signed by the respec-
tive counsel aforesaid, viz:
*First.*    That the plaintiff is a municipal corporation of the
State of Delaware and that the defendant is a corporation of the
State of Delaware existing under *Chapter* 406, *Vol.* 12, *Laws of
Delaware* and its several amendments and supplements, which
said last mentioned act with its said several amendments and
supplements are expressly hereby made a part of this case stated.

*Second.* That said defendant company, under and by virtue of its said charter, built, constructed and operated several lines of railway in the City of Wilmington and in New Castle County and has operated and is operating the same, among others of which said lines of railway, it built, constructed and operated and still is operating a line of railway on Washington Street from Eleventh Street northerly to Washington Street bridge across the Brandywine.

That said line on Washington Street in said City of Wilmington was built in the year A. D. 1894; and that before the building and constructing and operating of said line of railway on said Washington Street to wit; on the first day of February A. D. 1893, the said defendant had obtained the consent of the plaintiff for such construction, erection and operation of said railway, a copy of which consent is hereby attached and marked "Exhibit No. 1."

That at the time of obtaining said consent and for about one year prior to such time, the defendant company had good new tracks on Delaware Avenue in said city and on other streets of said city, and had paved and maintained its proper portion of the paving of said streets of said city in good condition, as required by its charter.

That sometime shortly previous to said last mentioned date, the Board of Directors of the Street and Sewer Department of the city of Wilmington desiring to re-pave Delaware Avenue and certain other streets of said city, (upon which the tracks of the defendant company were laid and upon which it had paved and maintained the same as aforesaid, with improved fire-brick pavement), requested the defendant company to re-lay its said tracks on the said Avenue and streets, so desired to be re-paved, with grooved rails; that the defendant company agreed so to do, provided that it should not be required by said Board of Directors to pave more than two feet outside of its tracks on certain streets, among others, Washington Street from Eleventh Street northerly to Washington Street Bridge over the Brandywine; that said Board of Directors agreed thereto; whereupon the said defendant took

up its then existing tracks and re-laid the same with groove rails as requested by said Board of Directors of the Street and Sewer Department.

*Third.* That sometime between the first day of February A. D. 1893 and the tenth day of January 1895, the defendant company built, and constructed this said line of railway on said Washington Street in said city of Wilmington and between said dates, the plaintiff by and through its said Board of Directors of the Street and Sewer Department, paved said Washington Street from Eleventh Street, northerly to Washington Street bridge over the Brandywine from curb to curb with "Metropolitan Brick," shale paviors, pavement (the same paving being improved fire brick pavement). That between said last mentioned dates the defendant company paid to the plaintiff, the sum of $3156.93, that being the cost (at the rate of $1.95 per square yard) for paving on said street between the rails of the defendant company and for the space of two feet on each outside thereof, and being the only amount for which the plaintiff made any claim.

*Fourth:* That from the tenth day of January, 1895, up to the                 day of September, A. D. 1903, the said plaintiff never made any claim upon the defendant for the said sum of $579.15, the amount mentioned in the bill of particulars filed in this cause as being due from the defendant to the plaintiff, nor has the said defendant since said tenth day of January A. D. 1895, hitherto, at any time paid to the said plaintiff anything towards the said claim of $579.15, nor has it recognized in any way any liability to pay it or any part of the same, nor has it ever admitted in any way that it was liable to pay it or any part of the same, nor has it ever acknowledged the said claim in any way or part thereof.

*Fifth.* That the writ in this cause was issued on the nineteenth day of May A. D., 1904, a copy of which writ of summons is hereto attached and marked "Exhibit No. 2."

*Sixth.* That if the Court shall be of opinion upon the above stated facts that the defendant is liable to pay to the said plaintiff, the said sum of $579.15, then judgment shall be entered in

said cause in favor of said plaintiff and against said defendant for said sum of $579.15, with lawful interest from the tenth day of January A. D. 1895, up to and including the date of the announcing of said opinion; but if said Court shall be of opinion otherwise then judgment shall be entered in said cause for the defendant and against plaintiff for six cents besides the costs in this suit expended.

## "EXHIBIT (1).

"*Be It Resolved* by the Board of Directors of the Street and Sewer Department of the City of Wilmington, that the consent of this Department is hereby given to the Wilmington City Railway Company, and said Company in accordance with the terms of its communication to this Department of January 24, A. D. 1893, is hereby authorized to locate and extend its lines North Easterly along Scott Street from its intersection with Delaware Avenue to and along Riddles Road to the City Line; Southerly along Union Street from Fourth Street to the City Line; Northerly along Washington Street from Delaware Avenue to Elliott Avenue; Northerly through and along du Pont Street from Fourth Street to Eighth Street; and Westerly through and along Lancaster Avenue from Union Street to the City Line; with the right of erecting poles and wires for operating said extensions and the other lines of said Company by electricity.

"*Provided*, however, that the said Company shall agree to indemnify and save harmless the City of Wilmington from and against all suits and damages arising from or on account of the negligence, in construction or operation of its said lines, and

"*Provided*, that the said Railway Company be and it is hereby required to pave and repave its tracks within the rails and for the space of two feet on each side thereof in the same manner and with the same material that the Board of Directors of the Street and Sewer Department may now or hereafter adopt in the paving of any street over which said Railway tracks are laid or pay for the cost of the same if paved by the Street and Sewer Depart-

ment; and until said streets are paved they shall keep said tracks in order as it is now required to do in accordance with the provisions of its charter; and

"*Provided* further, that this consent shall not be operative until the said Company by its proper officers under its corporate seal shall have executed a formal acceptance in writing of the provisions of this resolution whereby they shall agree to comply with and be bound by the terms and conditions thereof.

"*Provided* further, however, that the lines and extensions hereby expressly authorized shall be constructed and operated within two years from the passage of this Resolution.
February 1, 1893.       Record C.                Folio 268."

"To the Board of Directors
    of the Street and Sewer Department
        of the City of Wilmington,
Gentlemen:—

On behalf of the Wilmington City Railway Company the provisions of the resolution of your Board passed February 1, 1893, are hereby accepted, and in accordance with the wish of your Board we hereby promise and agree to comply with the terms thereof; and that the said Company will do all paving in a good and workmanlike manner and keep said tracks and pavement in good order as now required by its charter; and that all granite blocks, rubble stone or other paving material taken up and not required in the repaving of the streets shall be the property of the City; and that all necessary materials shall be on the ground or within reach before the streets are occupied or obstructed; and that all work shall be done speedily to the end that the streets and crossings will not be long obstructed and that all dirt and material shall be removed at once on completion, and on Union Street the track will be laid on East side of Street as verbally suggested by the Department.

Respectfully,

(SEAL)                  THE WILMINGTON CITY RAILWAY CO.,
    Attest:  W. S. HEGER,              by PRESTON LEE,
            *Secretary.*                          *President.*"

*S. D. Townsend, Jr.*, City Solicitor, contended (1) that the plaintiff could not waive by resolution (Exhibit No. 1) the requirement in the City Charter making it obligatory upon Street Railway Companies to pave the street bed between their tracks and for three feet on each side thereof; and (2) that the statute of limitations did not apply in this case; citing in support of said contentions the following authorities, viz:

*Seymour vs. Railroad*, 44 *Oh. St.* 12; *Bullard vs. Bell*, 1 *Mason* 242; *Outwater vs. Passaic*, 51, *N. J. L.* 345; *People vs. Hulbert*, 71 *Cal.* 72; *Andrew vs. Bacon*, 38 *Fed.* 777; *Redwood County vs. Land Company*, 40 *Minn.* 512; *Jersey City vs. Sackett*, 44 *N. J. L.* 429; *Cowenhoven vs. Freeholders*, 44 *N. J. L.* 232; *Smith vs. Jersey City*, 52 *N. J. L.* 184; *Los Angeles vs. Ballerino*, 99 *Cal.* 593.

Argument of *Walter H. Hayes* and *Ward and Gray* attorneys for defendant:

1.   This is not an action brought to enforce the performance of any duty imposed upon the defendant by law or otherwise; therefore the question of liability under the charter of the company does not arise in this case; as appears by the case stated and especially Exhibit No. (1); the city made an agreement with the defendant wherein the defendant agreed with the city "to pave and repave its tracks within the rails and for a space of two feet on each side thereof * * * or pay for the costs of the same if paved by the Street and Sewer Department;" under this agreement the plaintiff paved Washington Street and rendered to the defendant company a bill for the cost of that portion of said pavement between the tracks and for the space of two feet on each side thereof, which amount the defendant paid the plaintiff. This suit is brought to recover the cost of paving an additional foot on each outside of said tracks, the said paving having been done by the city.   The relation existing between the plaintiff and the defendant as to the amount claimed in this suit is a contractual one and the plaintiff is governed by the same rules of law as an individual would be in a like case.

2.   The narr is in assumpsit and contains five counts, all of

which are the common counts. It has a bill of particulars at-tached, the amount claimed is $579.15 with interest from January 10, 1895. The counts are:—(1) Goods, wares and merchandise sold and delivered to the defendant by the plaintiff;(2) Work and labor done by the defendant for the plaintiff; (3) Money lent by the plaintiff to the defendant; (4) Money had and received by the defendant for the use of the plaintiff; (5) Money due plaintiff from defendant on account stated.

The bill of particulars is as follows, viz:

'Wilmington City Railway Company, Debtor
To The Mayor and Council of Wilmington for work
done through the agency of the Board of Directors
of the Street and Sewer Department of Wilmington,
Delaware:

1895, Jan. 10, To 1915.94 square yards of "Metropoli-
tan Block" shale paviors pavement laid between and
three feet outside of tracks on Washington St. bet.
11th St., and Washington Bridge $1.95........................ $3736.08

By cash for 1618.94 square yards of "Metropolitan
Block" shale paviors pavement laid bet. and 2 ft. out-
side of tracks on Washington St. bet. 11th. St. and
Washington Bridge .................$1.95........................... $3156.93

Bal. due for 1 ft. outside of tracks .............................. $ 579.15"

3. The pleas are, (1) Non assumpsit; (2) Payment; (3) Release; (4) Act of limitations.

4. Issue has been joined on all these pleas.

5. The date fixed by the bill of particulars for the per-forming the work and for the furnishing of the materials in question is the tenth day of January, 1895. This action was brought to the May Term 1904. (The writ issued May 19, 1904) some nine years after the date mentioned in the bill of particulars.

6. The evidence offered by the plaintiff in support of its alleged claim is principally a book, which purports to contain the items, in question, in an account made against the defendant.

7. While it is true that the Charter of the defendant provides, among other things, "that the said Company shall be required to keep the pavement in good repair within the rails of their tracks, and for the distance of three feet on each side thereof" *Chapter* 406, *Vol.* 12, *Laws o Delaware, Sec.* 9, *page* 430, that provision does not govern the application of the Act of Limitations to this case.

*This is an action on the case upon an implied assumpsit arising out of the defendant's alleged breach of a duty imposed by a statute, and the required performance of that duty by the plaintiff in consequence. This raised an implied obligation on the part of the defendant to reimburse and pay to the plaintiff the moneys expended in that behalf. The action is founded on this implied obligation, and not on the statute, and is an action of assumpsit. The fact that the duty which the defendant failed to perform was a statutory one, does not make the action one upon the statute.*

This action is clearly, in respect to the limitation, governed by the Act pleaded, viz., *Chap.* 123, *Revised Code, Sec.* 6, *page* 888.

*Kennebunkport vs. Smith,* 22 *Me.* 445; *Cinn. vs. Church,* 8 *O.* 298; *Cinn. vs. Evans,* 5 *O. St.* 594; *Evans vs. Erie Co.,* 66 *Pa. St.* 222-228; *Carroll vs. Green,* 92 *U. S.* 509-513; *Met. Ry. Co. vs. Dist. Columbia,* 132 *U. S.* 1-10-12-13.

In this last mentioned case, which is one almost similar to the case at bar, the provision in the Charter was "that the said corporation hereby created, shall be bound to keep said tracks, and for the space of two feet beyond the outer rail thereof, and also the space between the tracks, at all times well paved and in good order, without expense to the United State or to the City of Washington."

*Dist. of Col. vs. Woodbury,* 136 *U. S.* 456; *Boone Co. vs. Burlington R. R.,* 139 *U. S.* 684-593; *Beatty vs. Burnes,* 8 *Cranch.* 98-108; *McCluny vs. Filliman,* 3 *Pet.* 270- 277-278; *Sinking Fund*

*Com. vs. Bikner*, 48 *Fed.* 533; *Shelby Co. vs. Bickford*, 102 *Tenn.* 395-402; *Harrison Co. vs. Dunn*, 84 *Ia.* 328; *Burlington vs. R. R.*, 41 *Ia.* 134.

(The Court thereupon rendered the following judgment):

"And now, to wit, this fourth day of December, A. D. 1906, the above case coming on to be heard by the Court here and the same having been debated by counsel for the respective parties, at the bar of the Court, and the Court having maturely considered the same, it is considered ordered and adjudged by the Court here that judgment be entered in said cause for the defendant and against the plaintiff for six cents besides the costs in this suit expended."