NOLAN, Administrator, Appellant, vs. FIRST NATIONAL BANK
OF JANESVILLE, imp., Respondent.
SAME, Respondent, vs. SAME, Appellant.

*April 15—May 4, 1915.*

*Trusts and trustees: Devise of land subject to legacy: Executors:
Limitation of actions: Legal and equitable remedies: Wills:
Construction: "Reside elsewhere."*

1. A devisee of land subject to the payment of a legacy charged as a
   lien thereon is not a trustee of an express trust, and an action
   by the legatee to enforce the lien may be barred by the statute of
   limitations. *Merton v. O'Brien,* 117 Wis. 437, followed.
2. The fact that the devisee is made executor of the will does not
   change the rule above stated, since the duty to pay the legacy
   devolves upon him as devisee, not as executor.
3. Even if, in such case, the devisee could not, as executor, invoke the
   bar of the statute, he might do so where he had been fully dis-
   charged as executor more than six years before the action was
   commenced.
4. Where the legacy so charged upon land provided for payment of a
   sum annually, a failure to pay for any one year gave the legatee
   a legal as well as an equitable remedy; and when the six-year
   statute barred the legal remedy it barred also the equitable one.
5. Where land, including testator's homestead, was devised to his son
   charged with the support and maintenance of the widow at said
   homestead so long as she should wish to remain there, and fur-
   ther charged with the payment of a certain sum annually to her
   "any year or years when she may for any reason reside else-
   where" than with said son, such language implies that no ac-
   count should be taken of any absence less than a year; and where
   in each year the widow spent, in two or more separate visits,
   from one to four months with a daughter who lived in the same
   city a few blocks away—her room, furniture, etc., being all the
   time kept ready for her at the son's house,—no payments of
   money became due on account of such absences.

APPEALS from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Affirmed on plaint-
iff's appeal; reversed on that of defendant.*

Action to recover an alleged unpaid portion of a legacy
under a will and to declare the amount recovered a lien upon

real estate.   On January 12, 1892, Joseph M. Donahoe died testate leaving his widow, Bridget Donahoe, his only son, Joseph F. Donahoe, and two daughters, Katie E. Donahoe and Margaret V. Donahoe (now Nolan).   At the time of his death he owned a farm of eighty acres in the town of Plymouth, Rock county, on which he lived, and also another parcel of land in the same town, some land in Nebraska, and personal property.   He made bequests of money to his widow and to each of his daughters and also to some other relatives. His land in Nebraska was devised in equal shares to his daughters.   The ninth paragraph of the will read:

"I give, devise and bequeath all the rest, residue and remainder of my real estate to my son, Joseph Donahoe, charged, however, with and subject to the payment of the bequests above mentioned to my said wife and to my said daughters, and further charged with and subject to the comfortable support and maintenance in health and in sickness of my said wife by my said son at the homestead portion of my real estate as long as my said wife shall live and desire to remain at said homestead, and further charged with and subject to the payment of the sum of three hundred dollars annually to my said wife any year or years when she may for any reason reside elsewhere than with my said son, and shall personally require of my said son, Joseph, the payment thereof in lieu of support and maintenance."

His son Joseph was named executor in the will and he qualified and acted as such.   The legacies to the widow (except as to maintenance) and to the daughters are admitted to have been paid by Joseph.   Since the action was originally begun both Bridget Donahoe and Joseph F. Donahoe have died, and *John E. Nolan* as administrator of the estate of Bridget Donahoe was substituted as plaintiff, and Kathryn L. Donahoe as administratrix of the estate of Joseph F. Donahoe was substituted for Joseph F. Donahoe as defendant. The *First National Bank of Janesville* claims a mortgage lien on the land sought to be charged with the unpaid legacy

in excess of its value and it alone of the defendants appeared and answered.

It is claimed that Bridget Donahoe chose to reside elsewhere than at the son's home and that she did so for seven or eight years. She was paid by her son $686 for the time she did not reside with him, but it is claimed there is still due from his estate the sum of $1,579 with interest. This sum is sought to be recovered and to be declared a lien on the land devised to the son prior to that of the mortgage of the defendant *First National Bank*.

Final judgment in the estate of Joseph M. Donahoe was entered February 13, 1906, assigning the lands in question to Joseph F. Donahoe charged with the support of his mother as provided for in the ninth paragraph of the will and discharging the executor. The trial court found that prior to February 13, 1906, Bridget Donahoe had elected to reside with her daughter Margaret Nolan for different periods, amounting in all to about seventy-four months, and had been paid by her son at various times prior to February 13, 1906, various amounts aggregating $686, but that she did not at any time require him to pay the full sum of $300 per year.

Since February 13, 1906, Bridget Donahoe resided with her son except for three months in 1906, four months in 1907, three months in 1908, one and one-half months in 1909, two months in 1910, one month in 1911, and four and one-sixth months in 1913. This action was begun August 13, 1913, and the residence of Bridget Donahoe with her daughter in 1906 and for two months of 1907 was more than six years prior to the commencement of this action, leaving fourteen and two-thirds months of residence away from her son within six years of its commencement, which at the rate of $300 per year amounted to $366.67. Bridget Donahoe personally requested Joseph F. Donahoe to pay her money for the purpose of compensating Margaret Nolan. The court held that claims growing out of residence away from the son accruing

six years or more prior to the commencement of the action were barred by the statute of limitations; that for the months above specified accruing within six years of its commencement plaintiff was entitled to recover, and that the sums so adjudged due with interest and costs were a lien upon the lands devised prior to that of the *First National Bank*. Judgment was entered accordingly. The plaintiff appealed from that part of the judgment which held claims accruing six years or more prior to the commencement of the action were barred by the statute of limitations, and the defendant *First National Bank* appealed from that part of the judgment which allowed recovery for fourteen and two-thirds months' residence with the daughter during the years mentioned.

The cause was submitted for the plaintiff on the brief of *Edward H. Ryan,* and for the defendant on that of *Jeffris, Mouat, Oestreich & Avery.*

VINJE, J.    In *Merton v. O'Brien,* 117 Wis. 437, 94 N. W. 340, it was held that a devisee of land subject to the payment of a legacy charged as a lien thereon was not a trustee of an express trust, and that an action by the legatee to enforce the lien may be barred by the statute of limitations. The correctness of the decision is challenged by plaintiff and numerous foreign cases are cited to sustain the challenge.    A careful re-examination of the whole subject has satisfied us of the correctness of the result reached in that case.    The discussion of the subject in the opinion therein is so full and complete that no attempt will be made to add thereto or to restate the views there expressed.

It is claimed that the case at bar differs from *Merton v. O'Brien* because here the devisee is made the executor of the will.    There are at least two reasons why that does not change the rule.    First, because as executor no duty devolved upon the son to pay the legacy in question.    He went into the

possession of the land at once and the duty to pay devolved upon him as devisee, not as executor.  Second, upon the closing up of his father's estate he was fully discharged as executor more than six years before the commencement of the action.  Since that time it is clear he owed no duty as executor to any one—his only duty being that of a devisee. Having been only a devisee for more than six years before the commencement of the action, he could invoke the bar of the statute as such even if he could not have done so as executor.

Failure to pay the legacy for any one year gave the mother a legal as well as an equitable remedy.  She could sue the son at law to recover the amount due, or in equity for the same purpose, and have the amount recovered declared a lien upon the real estate.  Having two remedies, the statute of limitations barred the equitable one at the same time the legal one was barred.  *Casper v. Kalt-Zimmers Mfg. Co.* 159 Wis. 517, 530, 150 N. W. 1101, and cases cited.  The trial court properly held that the six-years statute of limitations applied to plaintiff's cause of action.

The trial court found that the mother resided with her daughter a period of fourteen and two-thirds months during the years of 1907, 1908, 1909, 1910, 1911, and 1913, an average of a little over two months each year, the longest period being four and one-sixth months in 1913 and the shortest time being one month in 1911.  Both son and daughter lived in the same city and only about seven or eight blocks apart.  The testimony shows that during all the time the mother kept her room, furniture, and most of her personal belongings at her son's house; that the aggregate time each year as found by the court consisted of two or three or more separate visits; that when the mother felt like it she would go to her daughter and stay till she was ready to return to her son, who maintained a room for her and always cared for her when with him.  The will provides that he shall pay her $300 annu-

ally "any year or years when she may for any reason reside elsewhere" than with him. The language itself implies that no account is to be taken of any absences less than a year. To construe it to require the son to be always ready to furnish her room and support and yet at the same time to require him to pay a proportionate sum for irregular short absences is to throw upon him an unreasonable burden and one not contemplated by the testator. He knew that if his son and daughter did not live far apart the mother would undoubtedly spend some time at her daughter's house. The times so spent as shown by the evidence were merely prolonged visits. During the years mentioned the mother continued to reside with her son within the meaning of the will, and the trial court erred in charging such visits up to the son's estate.

*By the Court.*—On plaintiff's appeal the judgment is affirmed; on the defendant's appeal the judgment is reversed, and cause is remanded with directions to dismiss the complaint.