RUSSELL GEORGE, Appellant, v. WEBSTER COUNTY, Appellee.

No. 40588.

NOVEMBER 18, 1930.

*F. J. Kennedy,* for appellant.

*John E. Mulroney* and *Price & Burnquist,* for appellee.

GRIMM, J.—In 1923, one Schleichhardt brought a foreclosure suit against E. R. Doyle *et al.*, in the district court of Webster County, Iowa. The sheriff's certificate in this foreclosure was issued on February 26, 1923, to one Rich. The sheriff of Webster County collected from Rich $112.50 as a part of the costs of said

execution sale, and the money was turned in to Webster County under the provisions of Paragraph 7 of Section 1 of Chapter 49 of the Acts of the Thirty-seventh General Assembly. The plaintiff is the assignee of Rich. Said Chapter 49 provides as follows:

"Each sheriff is entitled to charge and receive the following fees: * * *

"7. For collecting and paying over money, on the first $500 or fraction thereof, two per cent; on all in excess of $500 and under $5,000, one per cent; on all over $5,000, one-half per cent;"

This chapter was approved March 17, 1917. On March 18, 1923, this paragraph was repealed by Chapter 102 of the Acts of the Fortieth General Assembly. Section 3 of said chapter reads as follows:

"*Retroactive effect.* Where property has heretofore been sold at sheriff's sale and the time of redemption has not yet expired and the debtor, or other lien holder, redeems from the sale, the county shall refund to the debtor, or whoever redeems, the fees collected by the sheriff at the time of sale under the law repealed by Section 1 of this act, or if the property is not redeemed, then the county shall refund said fee to the holder of the certificate of sale at the time the redemption period expires."

Said Chapter 102 was approved March 15, 1923. This suit was started November 15, 1929. By the demurrer the defendant raised the point that the action was barred by the statute of limitations.

Section 11007 of the Code of 1927 provides as follows:

"11007. *Period of.* Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *

"5. *Unwritten contracts—injuries to property—fraud— other actions.* Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, *and all other actions not otherwise provided for in this respect, within five years.*" (Writer's italics.)

It will be noted that Chapter 102 of the Acts of the Fortieth General Assembly was approved March 15, 1923; it became effec-

tive on publication, which was completed March 18, 1923. If, as the defendant contends, the right of recovery involved herein is covered by Subsection 5 of Section 11007, hereinbefore set forth, then the cause became barred on March 18, 1928, or more than a year and a half before this suit was begun.

It is the contention of the appellant that plaintiff's claim for a refund of the fees herein involved is a liability created by statute, and therefore is a "specialty debt," and the claim is not included in or barred by the general statute of limitations. Statutes of limitations sometimes contain special provisions for acts based on statutory liabilities. There is no such provision in the statute of limitations of Iowa. The question, then, is whether, as is claimed by the appellant, "since there is no statutory limitation as to specialties in Iowa, the common-law rule applies, and there is a presumption that the claim is barred at the expiration of 20 years from the time the cause of action arises."

When did this cause arise? Manifestly, when Chapter 102 of the Acts of the Fortieth General Assembly became effective,— in March, 1923. See *Harrison County v. Dunn,* 84 Iowa 328; *Scott County v. Townsley,* 174 Iowa 192.

In the absence of any specific provision in the statute of limitations applying to rights created by statute, what interpretation is to be given to the words, "and all other actions not otherwise provided for in this respect, within five years," as found in Subsection 5 of Section 11007 of the Code of 1927? Manifestly, the legislature might have created a special statute of limitations applicable to rights created by statute. It is equally manifest that it might have, in general terms, provided for a limitation of actions in such cases. No valid reason has been offered, and we find none, why the words "and all other actions not otherwise provided for in this respect" were not intended by the legislature to include rights created by statute.

In *Harrison County v. Dunn,* 84 Iowa 328, the county brought an action to recover from the estate of an insane person the costs of the care of said insane person in the hospital for the insane. This liability was created by Section 1433 of the Code of 1873, the material portion of which is as follows:

"The provisions herein made for the support of the insane at public charge shall not be construed to release the estates of such persons * * * from liability for their support; and the

auditors of the several counties, subject to the direction of the board of supervisors, are authorized and empowered to collect from the property of such patients * * * any sums paid by the county in their behalf, as herein provided; * * *"

The law at that time also provided that the county should pay to the state the expense incident to the insane of that particular county. This court said:

"When the county paid its debt to the state, the payment gave rise to an obligation of the estate to the county, and a right of action therefor. With that right of action began the running of the statute. * * * We think there is nothing in the authority given the board of supervisors to collect such debts that operates in any way to suspend the operation of the statute, and that the action is barred thereby."

The statute of limitations at that time contained the same clause, "and all other actions not otherwise provided for in this respect, within five years." Subsection 4, Section 2529, Code of 1873.

The appellant cites numerous cases from other jurisdictions. From these cases it appears that either they were governed by special provisions in reference to rights created by statute, or there is a failure to show whether there was in the statutes existing at the time in these states an omnibus provision such as obtains in this state in Subsection 5 of Section 11007 of the Code of 1927. It would serve no good purpose to deal at length with these cases.

We have here a broad, sweeping, general statute of limitations, which, in the absence of any specific statute of limitations specifically affecting rights created by statute, must be construed to include such rights. It follows that the lower court correctly sustained defendant's demurrer, and the cause must be, and is,— *Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.