CLIFFORD ANDERSON et al., Appellants, v. WILLIAM JENNINGS
ANDERSON, Appellee.

CLIFFORD ANDERSON et al., Appellants, v. ELMER H. ANDERSON
et al., Appellees.

No. 46295.

JANUARY 11, 1944.

Thompson & Weible, of Forest City, for appellants:

Senneff & Berge and Henry C. Meyer, all of Garner, Senneff & Duncan and R. F. Clough, all of Mason City, for appellees.

OLIVER, J.—The will of Andrew Anderson was admitted to probate October 20, 1924. After devising to his wife the homestead in Garner, Iowa, and the household goods, it provided, in part:

"I also give, devise and bequeath to my said wife Mary Anderson and direct that there be paid to her by the devisees named in paragraphs 3, 4 and 5, hereof, the sum of Three ($3.00) Dollars per acre each year during her natural life for each acre of land so devised by the said Paragraphs 3, 4 and 5 and that the provisions contained in this will for my said wife shall be in lieu of all her dower rights or thirds in my estate.

"Third: I give, devise and bequeath to my beloved son Elmer H. Anderson, the farm known as the Home Farm * * * [describing a 280-acre tract] in Hancock County, Iowa.

"I further direct that my said son Elmer H. Anderson shall pay to my said wife, Mary Anderson, the sum of Three and no/100 ($3.00) Dollars per acre each year during the life of my said wife, for each acre of the said land herein devised, in case my said wife shall survive me, and the payment required herein shall be and remain a lien upon the said premises herein devised until the death of my said wife or its payment as herein provided.

"Fifth: [The will devises a 160-acre farm in Hancock county to testator's son, William Jennings Anderson.] Provided, however [that said son pay to Mary Anderson, $3 per acre per year during her life], which said sum shall be and remain a lien upon the said premises during the natural life of my said wife or until the same is fully paid."

Said devises were accepted by the devisees and apparently said estate was seasonably closed.

Mary Anderson died in December 1940. Under her will appellants received the residue of her estate.

In September 1942, appellants instituted an action in equity, alleging $7,680 was due Mary Anderson for the installments of the $480 annual charge or lien created by the will of Andrew Anderson, on the 160-acre farm willed by Andrew to William Jennings Anderson, for the sixteen years between the death of Andrew Anderson, in 1924, and the death of his widow, Mary Anderson, in 1940. Appellants prayed judgment in rem against said real estate, establishing and foreclosing the charge or lien thereon in said total amount with interest upon the annual installments, beginning October 20, 1924.

The petition alleged William was still the owner of the land and he was named as defendant but no personal judgment against him was prayed.

A like action was instituted by appellants involving the 280 acres received by Elmer H. Anderson under the will of Andrew Anderson, alleging the annual charge or lien thereon was $840 and totaled $13,440. Defendants were Elmer H. Anderson and an alleged holder of an easement on the land and a mortgagee. In each case a defendant moved to strike from the petition all claims alleged to have accrued more than five years prior to the commencement thereof, as affirmatively appearing to be barred by the statute of limitations. The trial court sustained the motions. Plaintiffs have appealed from the orders sustaining the motions and the appeals have been consolidated.

Appellees' motion to dismiss the appeals has been considered and is overruled.

Counsel for the respective parties agree that the will placed upon the devised real estate a charge or lien to secure payment to Mary Anderson of an annual legacy of $480 in one case and $840 in the other (see 28 R. C. L. 306, 307) and that each devisee became personally liable for the amounts charged against his land. Both sides quote from 28 R. C. L. 307, as follows:

"When a devisee accepts lands which have been charged with a legacy the general rule is that he becomes personally liable for the payment of the legacy, which obligation may be enforced without resort to the land. The rule rests upon the

reasonable principle, that he who takes a benefit under a will must take it subject to its provisions. The acceptance of the devise therefore imports a promise to pay the legacies."

In 69 C. J. 1215–1217 is a similar statement:

"* * * if a devisee accepts a devise charged with the payment of legacies, such as by a direction or on condition, that such legacies be paid by devisee, as a general rule he is personally liable for their payment in accordance with the terms of the will, as on a contract * * *. * * * The attachment of personal liability upon the devisee by reason of his acceptance of the devise does not affect the lien of the charge on the land, or bar a proceeding against the land."

A charged legacy is in the nature of an ordinary debt which the devisee has promised to pay and the legatee may enforce payment by action at law against the devisee on such promise. Such legacy is an equitable charge upon the real estate. Therefore, proceedings may be brought in equity to enforce payment. 28 R. C. L. 308, 309.

We do not understand that either side disagrees with any of the foregoing propositions. Various decisions of this court are in accord therewith.

In Duden v. Duden, 191 Iowa 515, 182 N. W. 795, the will devised land to testator's daughter and required her to pay his widow $2 per acre cash each year. The decision holds this annuity is a charge and lien upon the land.

Security Savings Bank v. Williams, 188 Iowa 904, 909, 910, 176 N. W. 971, 974, states that the devisee is required to pay the legacies:

"They are made his indebtedness, which he assumed in accepting under the will. * * * There can be no doubt that the legacies became a charge and lien upon the * * * land."

Mohn v. Mohn, 148 Iowa 288, 126 N. W. 1127, states the devise simply creates a charge upon the land; the devisee elected to accept the devise, obligating himself to pay the charges.

In Huston v. Huston, 37 Iowa 668, an action at law against

the devisee to enforce payment of a charge, it was said his promise to pay was implied by the acceptance of the devise.

Henry v. Griffis, 89 Iowa 543, 56 N. W. 670, was an action against a purchaser from the devisee to cancel a conveyance and subject the devised real estate to a judgment against the devisee based in part upon an unpaid legacy. It was held the will created a lien upon the devised real estate of which the transferee was bound to take notice.

Nehls v. Sauer, 119 Iowa 440, 442, 93 N. W. 346, was an action at law against the grantee in a deed which required him to pay the grantor $200 each year, January 1st, during grantor's life. The decision states the annuity "is primarily a personal charge or liability upon the promisor, for which the real estate stands as security only."

I. Most authorities hold a provision, such as those here involved, creates an equitable charge or lien and not a trust. Generally speaking, a transfer which gives a beneficial interest in the property to the transferee and a mere security interest to the third person creates an equitable charge, while a transfer which gives a beneficial interest in the property to a third person and imposes upon the transferee the duty to deal with the property for the benefit of such third person creates a trust. Restatement of the Law, Trusts, section 10; Merchants Nat. Bk. v. Crist, 140 Iowa 308, 118 N. W. 394, 23 L. R. A., N. S., 526, 132 Am. St. Rep. 267; Riddle v. Beattie, 77 Iowa 168, 41 N. W. 606. There is no contention by counsel on either side that the provisions here involved created trusts.

The remedies available to such a legatee are analogous to those he would have upon a debt secured by a mortgage on real estate. Upon failure of the devisee to pay the charged legacy when due, the legatee may enforce payment by action at law against the devisee personally upon his implied promise to pay, without resorting to the land. The legatee may also enforce payment from the charged property by action in equity. The right of the legatee is to payment of the sums due him. One available remedy for the enforcement of this right is against the person primarily liable to pay. Another remedy is against the charged property. We are satisfied such remedies are concurrent. The lien and the personal obligation are part of the same

transaction, which may be said to include the charging of the legacy on the real estate, testator's offer of said real estate to the devisee conditioned upon devisee's agreement to pay the charged legacy, and the devisee's acceptance of the offer. Although technically the lien and the personal obligation do not attach at the same time, and perhaps either could be created alone, where both are present they afford the legatee concurrent remedies for enforcing payment.

Although it is the rule in some jurisdictions that the statute of limitations does not apply eo nomine to suits in equity, "in this State our statute, ex vigore suo, operates in both courts, alike, and not in equity by the mere discretion or courtesy of the chancellor." Relf v. Eberly, 23 Iowa 467, 469, cited and followed in District Twp. of Spencer v. District Twp. of Riverton, 62 Iowa 30, 17 N. W. 105; Dwight v. City of Des Moines, 174 Iowa 178, 187, 156 N. W. 336, 340. See, also, 34 Am. Jur. 54. Lawrence v. Melvin, 202 Iowa 866, 870, 211 N. W. 410, 413, states:

"Except in certain familiar instances, the statute of limitations is applicable to actions in equity, as well as at law."

It has also been held that the statute of limitations applies to actions upon specialties. George v. Webster County, 211 Iowa 164, 233 N. W. 49.

Appellants cite Packer v. Overton, 200 Iowa 620, 624, 203 N. W. 307, 310, as holding that the statute of limitations does not apply to a legacy charged on land. That case involved an application, made during administration, by certain legatees, for an order to require the executor or administrator to make distribution. As there pointed out:

"It was a continuing obligation on the part of the estate, and remained so until final settlement or an order to pay the legacy was entered by the court. It is the general rule that, as between cestui que trust and a trustee, the statute of limitations does not apply."

There is a statement in the decision that the statute does not run as to a legacy charged on the land. This and similar

language should be interpreted in the light of the factual situation there involved.

Courts in various jurisdictions have passed upon questions involving the applicability of statutes of limitations to actions in equity for the enforcement of charges upon real estate.

In Millington v. Hill, Fontaine & Co., 47 Ark. 301, 313, 1 S. W. 547, 551, the court said:

"It has been held in England and in this country that the statute of limitations is no bar to a suit to recover a legacy * * * but with us this is true only where the suit is against an executor or another, who is charged by the will with an expressed trust in relation to the legacy. The fact that the suit is in equity avails nothing, for the statute where applicable at all is as binding in equity as at law. * * * In seeking for the statutory rule that shall govern in such a case, it is necessary to ascertain the legal effect of the devise and consider what are the nearest analogies to it, for there is no statute which in terms bars a legacy.

"* * * Seth Bolton accepted the devise and in doing so he by implication agreed to pay the sum given to the other heirs. * * * While the will makes it incumbent upon him to pay the legacy, it does not devolve upon him such duties and obligations as create a direct trust and prevent the statute of limitations from running in his favor. His agreement to pay is an implied contract and not in writing, and is therefore within the letter of the three years statute."

Percy v. Cockrill, 8 Cir., Ark., 53 F. 872, holds an action to foreclose an equitable lien upon the charged real estate is merely an incident to the personal liability and will be governed by the same limitation as the implied promise.

McKeage v. Coleman, 294 Ill. App. 232, 13 N. E. 2d 662, holds legacies charged on real estate are not trusts and that the statute of limitations applies to an equitable action to subject the real estate thereto.

In Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 135 Am. St. Rep. 459, it was held the obligation sought to be enforced was the undertaking assumed by the devisee when he took the devise and that the equitable action to enforce the lien was governed by the limitation applicable to unwritten contracts.

Nolan v. Donahoe, 161 Wis. 22, 26, 152 N. W. 468, 469, states:

"Failure to pay the legacy for any one year gave the mother a legal as well as an equitable remedy. She could sue the son at law to recover the amount due, or in equity for the same purpose, and have the amount recovered declared a lien upon the real estate. Having two remedies, the statute of limitations barred the equitable one at the same time the legal one was barred."

This state is committed to the rule that when the remedy on a debt is barred by the statute of limitations the remedy on the mortgage given to secure the same is also barred. Monast v. Manley, 228 Iowa 641, 293 N. W. 12; Jarl v. Pritchett, 190 Iowa 1268, 1272, 179 N. W. 945, 946. It has also been held that an attorney's lien fastened upon a judgment is barred when the debt due the attorney is barred, though the judgment be still enforceable. Larned v. City of Dubuque, 86 Iowa 166, 182, 53 N. W. 105, 110.

As already noted, the devisee's acceptance of the charged real estate comprehends an implied promise on his part to pay the legacy for which the real estate stands as security. Although, strictly speaking, the will itself does not create the personal charge, it does, in effect, make the offer which contemplates such creation. The resulting status is analogous to a note secured by mortgage on real estate. While not perfect, this analogy furnishes reason for the application of the rule of limitations recognized by this court in the analogous cases, to wit, that the bar of the debt bars the remedy on the security.

Some of the authorities cited by appellants are Crawford v. Severson, 5 Gill, Md., 443; Coleman's Exrs. v. Howell, N. J., 16 A. 202; Gilley v. Nidermaier, 176 Va. 32, 10 S. E. 2d 484; Mathieson v. Craven, 228 F. 345; Stringer v. Stevens Estate, 146 Mich. 181, 109 N. W. 269, 8 L. R. A., N. S., 393, 117 Am. St. Rep. 620, 10 Ann. Cas. 337; Stringer v. Gamble, 155 Mich. 295, 118 N. W. 979, 30 L. R. A., N. S., 815; Waterfield v. Rice, 6 Cir., Ohio, 111 F. 625. Generally speaking, such holdings are in jurisdictions where statutes of limitations are not applicable to actions in

equity with the same force as in this state or in jurisdictions which have not adopted the doctrine that the bar of 'the debt bars the enforcement of the mortgage, or are cases in which the equitable charge is regarded as a trust. Hence, they are distinguishable upon principle.

Other decisions cited by appellants and appellees have been considered. Most of these are listed in annotations in 116 A. L. R. 7 to 67 and 134 A. L. R. 361 to 366, which deal with various phases of charged legacies.

It is our conclusion that the better rule, and the one more nearly in accord with our prior holdings, is that the limitation period applicable to the legal remedy likewise applies to the equitable remedy.

II. The general statue of limitations, section 11007, Code of 1939, fixes the limitation of actions upon unwritten contracts at five years from the time the causes accrue. Implied contracts are in this category. Heiserman v. Burlington, C. R. & N. Ry. Co., 63 Iowa 732, 18 N. W. 903.

Appellants contend the obligations were each continuous and entire, and that the statute did not commence to run until the termination of the obligation at the death of Mary Anderson. Our decisions do not sustain this contention. McCay v. McDowell, 80 Iowa 146, 45 N. W. 730, limited recovery damages for breach of contract to support to those sustained within five years prior to the commencement of the action.

Boynton v. Salinger,.147 Iowa 537, 541, 126 N. W. 369, 371, states:

"Where a note or bill is made payable in installments, the statute attaches, and begins to run upon each installment as it becomes due * * *."

See, also, Bennett v. Tomlinson, 206 Iowa 1075, 221 N. W. 837; DuBois v. City of Oskaloosa, 229 Iowa 109, 294 N. W. 302. We hold the statute commenced to run upon each annual installment when the same fell due.

III. The third paragraph of the will states, in part:

" * * * the payment required herein shall be and remain a lien upon the said premises herein devised until * * * its payment as herein provided."

In the fifth paragraph of the will, it is stated:

"* * * said sum shall be and remain a lien * * * until the same is fully paid."

Appellants interpret these provisions as evidencing an intention of the testator that the liens can be cut off and terminated only by payment. Hence, they contend the statute of limitations is not applicable to such liens.

Gates v. Ballou, 56 Iowa· 741, 743, 10 N. W. 258, 259, turned upon the question whether a mechanic's lien was barred by the statute of limitations. It was contended that the owner of the property "by the contract for the lien, waived the statute of limitations. * * * The language relied upon is as follows: 'I hereby agree that you shall have a mechanic's lien until the same is paid.' But the contract also provides that payment was to be made March 1st, 1877. This is no waiver of the statute of limitations, either in terms or by implication."

We conclude the cited case is decisive against appellants' contention and that the provisions did not constitute a waiver of the statute of limitations. We need not consider whether a provision that the statute should not be applicable would be valid.—Affirmed.

SMITH, C. J., and HALE, MILLER, GARFIELD, WENNERSTRUM, and MULRONEY, JJ., concur.

MANTZ, J., dissents.

BLISS, J., takes no part.