## STOW v. CHAPIN et al.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

1. WRITS—PUBLICATION—NON-RESIDENT DEFENDANT.

   A judgment was obtained against a defendant solely on publication of a summons, and it did not appear on what ground the order of publication was made. In a subsequent action to enforce such judgment against property plaintiff alleged in his affidavit that defendant had left the state, and resided abroad for the purpose of avoiding payment of his debts. *Held*, that the court would not in favor of jurisdiction presume that the defendant was proceeded against as a resident who had left the state to avoid service of process, especially in view of the allegation in the affidavit mentioned, and therefore, under Code Civil Proc. N. Y. § 707, providing that a judgment rendered against a non-resident by publication without appearance can be enforced only against property attached in the action, such judgment would not support an action.

2. TRUSTS—CESTUI QUE TRUST—RIGHTS OF CREDITORS AS TO INCOME.

   A creditor of one for whom a provision is made by his father's will, bequeathing a fund in trust, the income to be applied to the use of the son for life, can reach no portion of the income unless he shows that it exceeds the amount necessary to support the son in the style to which he has been accustomed, and in which his father has brought him up, and an allegation of that fact, made merely upon information and belief, without setting forth the facts on which the conclusion is based, is insufficient. ·

Appeal from special term, New York county.

Action by William L. Stow against Howell Osborne, Edwin S. Chapin, and John W. Sterling, to enforce two judgments against defendant Osborne upon the income of a fund in the hands of his co-defendants, as trustees. Plaintiff moved for an injunction *pendente lite* to restrain the defendant trustees from paying over any of said money to said Osborne, and from an order denying such injunction plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*John S. Cram,* (*H. S. Cram,* of counsel,) for appellant. *Shearman & Sterling,* (*James C. Carter* and *Everett P. Wheeler,* of counsel,) for respondents.

VAN BRUNT, P. J. On the 11th of February, 1888, two judgments were entered in favor of the plaintiff against the defendant Howell Osborne for the amount of $60,000. Such judgments were entered upon a publication of the summons exclusively. Said Howell Osborne never appeared in any way, and no attachments were ever issued therein against the property of the defendant. Executions having been issued to the sheriff, and returned unsatisfied, this action was commenced in the nature of a creditor's bill to reach a certain provision which had been made for him by his father. This provision was a gift to his trustees named in said will, the defendants Chapin and Sterling being the survivors of such trustees, of the sum of $500,000 in trust, however, to apply the income thereof to the use of his only child and son, the defendant Howell Osborne, during his life, and upon his death to convey, transfer, and pay over the principal to his next of kin. The complaint alleged that the income arising from this provision amounted to about $25,000 annually, and that the defendant Howell Osborne, as plaintiff was informed and believed, was unmarried, and had no children, no house or any other establishment to keep up and maintain, and that the sum of $2,500 would be a reasonable, fair, ample, and sufficient income for the said defendant Howell Osborne. In the affidavit to support this complaint the plaintiff alleges that the said Howell Osborne departed from this state in the month of June, 1887, and has ever since resided out of the state, and abroad, and continues to live abroad for the purpose of escaping from his creditors and evading the payment of his just debts. It does not appear from the papers submitted to the court upon this application for an injunction upon what ground an order of publication was obtained against the defendant Howell Osborne. An order for the publica-

tion of the summons in this action was obtained, and at the time of the hearing of this motion such publication had not been completed. The trustees, however, had been served, and they had due notice of this motion, and appeared thereon. The learned court who heard the motion denied the same, and from the order thereupon entered this appeal is taken.

The conclusion arrived at by the court below was evidently correct. The parties now before the court upon this appeal occupied two entirely distinct positions in reference to the *status* of the judgment upon which this action is founded. The respondents claim that, Howell Osborne being a non-resident, the court acquired no jurisdiction to reach any property except that which might have been levied on by virtue of a warrant of attachment at a time when the judgment was entered. Section 707 of the Code. The appellant concedes this position, if Howell Osborne is to be deemed a non-resident. But his answer to the proposition is that Osborne was proceeded against as a resident, having departed from the state in order to avoid the service of process, and so to defraud his creditors. But the difficulty with this position seems to be that there is no proof upon the papers presented that such is the fact; and this is especially so in view of the allegations contained in one of the moving affidavits, to which attention has already been called, that Osborne departed from the state in the month of June, 1887, and has ever since resided out of the state, and therefore, at the time of the beginning of these actions, he could not have been a resident. It seems to be undoubtedly true that if Howell Osborne was a resident of this state at the time of the commencement of these actions, the provisions of the Code to which our attention has been called by the respondents do not apply, and that the judgments would form a sufficient basis for the maintenance of these actions. But in the absence of proof showing that the court had this jurisdiction, and that Osborne was proceeded against in the manner which is claimed by the appellant's points, the court cannot assume that jurisdiction has been acquired, particularly in view of the allegation contained in the affidavit to which attention has been called. Upon the face of the papers, therefore, as they are now presented to the court, the learned judge below, upon this ground, was justified in denying the motion.

There is another ground upon which the court was also justified in denying the motion, and that is that there is no proof whatever contained in these papers as to what would be a sufficient income for the defendant Osborne. It is to be borne in mind that the creditor is not seeking to reach any property of Howell Osborne's, but is endeavoring to reach the income of a fund which his father placed in the hands of trustees to be applied to his benefit. Under these circumstances he is entitled to have so much of said fund as may be necessary to support him in the style in which he had been accustomed to live, and in which he had been brought up by his father, and for the maintenance of which this provision was made in the will of the father. It is not for the creditor to say that his debtor should live on two dollars a day or one dollar; that such a sum will keep the debtor from starvation, or that it will prevent his being clothed in rags. There is no such rule in cases of this description. The testator has the right to do as he pleases with his money, and if he desires to make provision for the support of a profligate son in such a manner that he cannot reach or anticipate this fund, or the income thereof, he has the right to do so, and he has the right to afford him the means of living in the manner in which he has brought him up, and to which he has been accustomed, and the creditor can claim only that which is in excess of this amount; and that such excess exists must be established by allegations of fact. For the purposes of an injunction *pendente lite*, an allegation in the complaint that the affiant is informed and believes thus and so, without any statement as to the sources of the information or the grounds of belief, is a nullity. It is for the court to determine from the facts stated whether the appellant has any grounds for the

belief to which he swears, and it is not for the appellant to usurp the functions of the court. Upon the ground, therefore, that there was no sufficient evidence contained in the papers as to the amount which was proper to be allowed for the support of Mr. Osborne, the motion for injunction should also be denied. But as it may be possible for the plaintiff upon a future application to supply the defects which appear in the present papers, the order should be affirmed, with $10 costs and disbursements, and with leave to the appellant to renew his application for injunction, upon new and additional papers, upon the payment of the costs of the court below, and of those awarded on this appeal. All concur.