## WILDER v. CLARK.

(*City Court of New York, Special Term.*　September 24, 1890.)

TRUSTS—CHARITABLE FUND—RIGHTS OF CREDITORS.

The members of a society to which defendant belonged gave a concert for his benefit. Out of the fund thus raised they directed $30 a week to be paid to defendant to relieve his necessities. *Held*, that the fund was in the nature of a charity which could not be assigned by defendant or reached by his judgment creditors in supplementary proceedings.

Action by Emily L. Wilder against Marvin R. Clark. Plaintiff, as a judgment creditor of defendant, and as assignee of a certain fund raised for the relief of defendant by his friends, seeks to subject the fund to her judgment.

The fund in question was the proceeds of a concert given by certain members of the New York Press Club, of which defendant, who had become blind, was a member.

*Wilder & Lynch,* for motion.          *Jerome & Nason,* opposed.

McADAM, C. J. The fund never belonged to Mr. Clark. It was created by the energy of certain officials of the Press Club for his relief and benefit as a fellow-member. It is in the nature of a charity, and the creators of it have the right to impress upon its disposition any reasonable safeguard not inconsistent with its object. These officials have decided that $30 per week is a reasonable allowance for the purpose of relieving Clark's necessities. The amount so fixed seems fair under the circumstances. The fund so created cannot be assigned nor reached by judgment creditors. It was not created as a subject of barter, nor as a fund for creditors. Motion to compel payment over of fund to judgment creditors or assignee denied. No costs.