J. EDWIN LEE AND JACOB W. WALKER, EXECUTORS, ETC., v. RUSSELL J. ENOS ET AL.

*Will—Nature of estate—Trust—Execution—Property subject to levy.*

A devise by a father to his sons of the use and occupation of his farm for and during their natural lives, upon condition that they allow their mother to use and occupy the dwelling-house

thereon as long as she remains his widow, and give to her from the produce of the farm, which they are to keep up in a good and workmanlike manner, all that she may require for her maintenance and support, and upon the further trust to the executors of the will to see that all of its conditions are fully carried out and performed as therein expressed, does not vest an estate in the sons which is subject to execution and sale to satisfy their debts, and the executors can maintain a bill to set aside such a sale if made.

Appeal from Kent. (Grove, J.) Argued April 28, 1893. Decided October 27, 1893.

Bill to set aside a sale on execution. Complainants appeal. Decree reversed, and one entered here as prayed. The facts are stated in the opinion.

*John M. Mathewson* (*John W. Champlin*, of counsel), for complainants.

*Myron H. Walker*, for defendants Enos, Bradfield, Bishop, and Walker, contended:

1. Paragraph six of the will, reading, "I give and bequeath to my sons, Leverett J. Lee and Eugene Lee, the use and occupation of the farm and lands now occupied by me, and more fully described" in the will, "for and during their natural lives, subject, however, to the conditions hereinafter mentioned and described," uses apt words to devise a legal life-estate, and vests in said devisees such an estate in the land, subject, of course, to the conditions named in the will; citing How. Stat. §§ 5565, 5567; 3 Washb. Real Prop. (5th ed.) 406; *Mandlebaum v. McDonell*, 29 Mich. 84; *Reed v. Reed*, 9 Mass. 372, 374; *Blanchard v. Brooks*, 12 Pick. 47, 63; *Lewis v. Palmer*, 46 Conn. 454; *Machine Co. v. Gates*, 75 Iowa, 343; *Nimmons v. Westfall*, 33 Ohio St. 213; *Beekman v. Hudson*, 20 Wend. 53, and cases cited; *Wine v. Markwood*, 31 Grat. 43; *Wilson v. McKeehan*, 53 Penn St. 79; *Bowman v. Pinkham*, 71 Me. 295.

LONG, J. The complainants are the executors of the last will and testament of Solomon Lee, deceased. They seek by their bill to set aside the execution levy and sale thereunder made by several of the defendants of the life-

estate of the defendants Leverett J. Lee and Eugene Lee in certain lands of the deceased.    It is claimed that the title to these lands is held by the executors as trustees, and that Leverett J. and Eugene Lee have no interest in them which is subject to levy and sale.

The testator died February 20, 1881, and his will was duly admitted to probate.    At the time of his death he was the owner of certain .lands in Kent county.    After · certain specific bequests, the will provides:

" *Sixth.* . I give and bequeath to my sons, Leverett J. Lee and Eugene Lee, the use and occupation of the farm and lands now occupied by me, and more fully described as follows: The north-west quarter of section 34, the west half of the south-east quarter of section 34, and 65 acres out of south-west quarter of section 27, all in township 7 north, of range 9 west, Kent county, Michigan,—for and during their natural lives, subject, however, to the conditions hereinafter mentioned and described; and at the death of the survivor of the other, then I do hereby give, devise, and bequeath to the heirs of my two last-mentioned sons the land, tenements, and hereditaments described in the sixth division, to be divided as follows, viz., one-half to the legal heirs of my son Leverett J. Lee, and the other half to the heirs of my son Eugene Lee, to have and to hold the premises last above described to the last-mentioned heirs, and to their heirs and assigns, forever; and, in consideration of the last aforesaid use and occupation of said described land, I hereby direct and order my two sons, Leverett J. Lee and Eugene Lee, to give and allow my wife, Harriet Lee, as long as she shall remain my widow, the use and occupancy of our present dwelling-house, yard, and garden, and keep for her use a good, safe, and substantial horse, harness, buggy, and cutter for her use, and give her of the produce of said farm all she may require for her maintenance and support.

" *Seventh.*   I give, devise, and bequeath the use of all the rest, residue, and remainder of my personal and real estate, of what nature or kind soever, to my said wife, Harriet Lee, for and during the period that she may remain my widow; and in case she shall remarry, then the remaining portion of my estate shall be equally divided

among my said heirs, share and share alike, and to their
heirs, forever.

"And, lastly, I do hereby appoint J. Edwin Lee and
Jacob W. Walker executors of this, my last will and tes-
tament, hereby giving them power to sell, assign, and
transfer any or all of my estate that may be necessary in the
full settlement thereof, without petitioning the judge of
probate for the power to so sell and transfer any part of my
estate. I also hereby appoint my said executors trustees,
in trust to watch and see that all the conditions of this,
my last will and testament, are fully carried out and per-
formed as herein expressed. I also hereby empower my said
executors that in case my said son Leverett J. Lee shall take
to and get in the habit of drinking intoxicating liquors to
excess, and thereby shall fail to work and keep up the
said farm in a good and workmanlike manner, then, and
in that case, to remove him therefrom, and look to the
interest therein for the benefit of his heirs. Further, that
at the death of either of my said sons, Leverett J. and
Eugene Lee, my said executors shall act as trustees or
guardians for the heirs of said deceased until the time
shall arrive for the division of said farm as before
expressed."

The executors named in the will entered upon the
execution of the trust created by it. In May, 1881,
Leverett J. and Eugene Lee undertook to work the land
described in the sixth subdivision of the will. May 14,
1887, the defendants Russell J. Enos and Sidney C. Brad-
field sued out an attachment against Leverett J. and
Eugene Lee, and levied upon the lands described as
belonging to them. The defendant Loomis K. Bishop, as
sheriff of Kent county, made the levy, and caused a notice
to be recorded in the office of the register of deeds of that
county. They also, on May 31, sued out another writ of
attachment against the same parties, and by the sheriff
caused a notice to be filed in the office of the register of
deeds. The amount claimed by these levies is about $475.
These cases proceeded to judgment, and executions were
levied thereunder, when, on September 1, 1888, Leverett
J. and Eugene Lee abandoned the premises, and refused

longer to work the land, or to furnish anything further for the support of their mother, Harriet Lee, and the executors have since worked the land and provided for her.

Upon filing the bill an injunction was issued restraining the defendants who were interested in these levies from further proceeding thereunder. The defendants Russell J. Enos, Sidney C. Bradfield, Myron H. Walker, and Loomis K. Bishop appeared and answered the bill. The other defendants did not appear. The lands had been sold under the first execution levy, and bid in by Myron H. Walker for the defendants Enos and Bradfield.

The defendants, by their answer, insist that the complainants, as executors, have no title, legal or equitable, in trust or otherwise, to the premises by virtue of the will, but that by the provisions of the will Leverett J. and Eugene Lee were given and have a freehold interest and a legal life-estate in the premises, which is subject to levy and sale as real estate, and that all proceedings have been regular and legal, and that the time of redemption expired April 7, 1889, since which time the defendants Walker, Enos, and Bradfield have been, and are now, entitled to a sheriff's deed of the life-estate of Leverett J. and Eugene Lee, and to the possession of · said lands and the rents, profits, and income thereof, subject to the rights of Harriet Lee therein.

January 4, 1892, the court below, after a full hearing, made a decree dismissing complainants' bill, dissolving the injunction, and directing the sheriff to make and deliver a deed to defendants under the execution sale, and that they be quieted in their possession thereof. From this decree complainants appeal.

But a single question is involved: By the terms of the will, did Leverett J. and Eugene Lee take an estate which is subject to levy and sale on execution issued against

them for their personal debts? The devise to Leverett J. and Eugene Lee of the use and occupation of the land was upon a trust expressly declared in the will: (1) To support the wife of the deceased; (2) to work and keep up the farm in a good and workmanlike manner. The devise was upon the further trust to the executors, ancillary to that imposed upon the sons, "to see that all the conditions of this, my last will and testament, are fully carried out and performed as herein expressed."

No technical language is necessary to the creation of a trust. If it appear to be the intention of the parties to an instrument conveying property that it is to be held or dealt with for the benefit of another, a court of equity will affix to it the character of a trust, and impose corresponding duties upon the party receiving the title, if it be capable of lawful enforcement. In each case the intention is to be gathered from the general purpose and scope of the instrument. *Colton v. Colton*, 127 U. S. 310; *Cresswell v. Jones*, 68 Ala. 423. The property was placed, by the terms of the will, in the hands of Leverett J. and Eugene Lee, to have the use and occupation, not for their use alone, but expressly to give to the widow whatever of the produce she might require for her maintenance and support; and they were also charged to keep up the farm in a good and workmanlike manner. They had no absolute title or right which they could convey.

In *Trask v. Green*, 9 Mich. 358, it was settled conclusively that the real estate, under section 6108, How. Stat., upon which a creditor can levy his execution, is the legal estate, and not a mere equity; nor can real estate held in trust be levied upon by the creditor. This doctrine was followed in *Gorham v. Wing*, 10 Mich. 486; *Gorham v. Arnold*, 22 Id. 247; *Thayer v. Arnold*, 32 Id. 336. See, also, *Vinton v. Beamer*, 55 Mich. 559. If the purchasers at the execution sale could be permitted to enter

into possession and work the farm in the place and stead of the two sons, it would defeat the purpose of the testator in that provision. He intended to secure a home for his sons, and at the same time provide a maintenance for his widow. He directed that his executors should see that this provision was carried out, and, if the sons were ousted, or abandoned the farm, the duty of the executors would be to step in and carry out this provision. *Blum v. Bush*, 86 Mich. 212. We think the court below was in error in the construction there given to those clauses of the will.

The decree of the court below must be reversed, and a decree entered here in favor of the complainants in accordance with the prayer of the bill, and with costs of both courts.

The other Justices concurred.