FLEMING *v.* WOOD.

TRUSTS—ESTATE OF TRUSTEE—RIGHTS OF CREDITORS.

Land conveyed by a father to his son in trust to make provision for the son and his family cannot be reached by the son's creditors.

Appeal from Muskegon; Chittenden, J., presiding. Submitted January 16, 1907. (Docket No. 40.) Decided March 12, 1907.

Bill by R. Andrew Fleming, administrator de bonis non of the estate of Frank Wood, deceased, against Wesley F. Wood and others to set aside certain deeds. From a decree dismissing the bill, complainant appeals. Affirmed.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp,* for complainant.

*William Carpenter,* for defendants.

MOORE, J. Frank Wood died intestate in the city of Muskegon on February 22, 1904, with debts existing against him to the amount of $5,702.79. His heirs at law were Jessie L. Wood, his widow, and Cornelia Wood Hume and Mary S. Wood, his children. The defendant Wesley F. Wood was his father. This bill was filed in the interest of a creditor of Frank Wood to reach certain real estate in Muskegon, and in Massachusetts. Fraud was charged in the bill of complaint. The trial court found there was no fraud and no equity in the bill of complaint, and dismissed it. The case is brought here by appeal.

It was admitted in the answers that defendant Wesley F. Wood conveyed to Frank Wood, agent, by warranty

147 MICH.—33.

deed, on or about August 11, 1902, certain properties known as the "Newell Properties," located in the city of Muskegon; that Frank Wood retained this deed during his lifetime without recording the same, and this deed was found among the papers of deceased after his death; that Frank Wood had been and was at the time of his death financially embarrassed and unable to pay his debts. It was also admitted that, after the execution of said conveyance, said lands and premises were rented to various tenants, and several parcels were sold, all being done in the name of Wesley F. Wood, and that, when deeds were given, they were executed by Wesley F. Wood. A further claim in relation to said lands was made in the answer which will be referred to later. It was also admitted by the answers that, at the time of Frank Wood's death, he held the record title of a piece of land situated in the city of Beverly, State of Massachusetts; that on February 28, 1905, the widow and children of Frank Wood, deceased, conveyed these premises to Wesley F. Wood. A further claim was made in said answer which will be referred to later. The complainant insisted through his solicitors:

"*First.* That he was entitled to a decree setting aside and declaring void the conveyances of the Muskegon city premises from Wesley F. Wood to Jessie L. Wood; that it be decreed by the court that the unrecorded deed from Wesley F. Wood to Frank Wood, agent, is still in full force and effect, notwithstanding the admitted surrender and purported cancellation of same; and that said lands might be sold by the complainant for the payment of debts and expenses of administration of said estate.

"*Second.* That Jessie L. Wood be compelled to account to complainant for the proceeds of all lands sold or leased by her and which were described in said deed to Frank Wood, agent.

"*Third.* That it be decreed that the title of the parcel of land situated in the city of Beverly, State of Massachusetts, was in Frank Wood at the time of his death."

As to the first and second of these claims, defendant insists that such title as Frank Wood had was not a title

in fee, but as trustee, and was such a title as could not possibly inure to the benefit of the creditors of Frank Wood. The deed to Frank Wood described him as agent. It never was put upon record. It was found in his effects after his death. Attached to it was a paper in his handwriting, reading as follows:

"MUSKEGON, MICHIGAN, November 15th, 1902.
"The property deeded me as agent 8–11, '02, by Wesley F. Wood, I treat as follows: viz., Namely, I act as agent for my family in the same. My tickets in cash drawer to come out of same.
"FRANK WOOD."

The record shows that Wesley F. Wood was an old man. His son Frank was in poor health. He was also badly in debt. The correspondence which passed between father and son shows very clearly that the former desired to make some provision for the son and his family. The correspondence is too long to insert here in full, but it shows very clearly that it was not the intention of the father to convey to his son title in fee to the land, nor did the son suppose he was acquiring a title in fee. He had no interest in the property described in the deed. It belonged wholly to the father. We think a fair reading of the correspondence shows that the relation of Frank to the property was that of trustee. The case is clearly within the principles stated in *Cummings* v. *Covey,* 58 Mich. 494. See, also, *Edinger* v. *Heiser,* 62 Mich. 598; *O'Neil* v. *Greenwood,* 106 Mich. 572; *Lee* v. *Enos,* 97 Mich. 276.

In reference to that portion of the decree referring to the lands in Beverly, the solicitors for the complainant say it was wrong:

"1. Because the admitted facts showed that Frank Wood died seised of this Massachusetts property, and his estate is entitled to the benefit of this property. If the heirs conveyed their interest in same to defendant Wesley F. Wood, he should account to the estate for the value of this property.

"2. Because the complainant was entitled to a decree

declaring the Massachusetts property to belong to the estate of Frank Wood. With such a decree, proceedings could then be instituted in the State of Massachusetts to administer the estate there.

"3. Because, if the court did not have any jurisdiction over the Massachusetts property, there should have been no decree in this case declaring that none of the property wherever situate was the property of Frank Wood at the time of his death."

As to the last of these claims, the solicitor for defendants say it is inconsistent with the other two, and that, as counsel sought the jurisdiction of the court, he cannot now complain. We do not deem it necessary to pass upon that phase of the case.

In the eighteenth paragraph of his bill, complainant averred title to the Beverly lands in Frank Wood at the time of his death, and that he got it through a deed attached to the bill of complaint, marked "Exhibit F." The consideration stated in this deed was "one dollar and other valuable considerations." The deed was a quitclaim deed. The defendant Wesley F. Wood answered, as to that paragraph, as follows:

"18. He admits the execution to Frank Wood of the deed mentioned in the eighteenth paragraph of said bill of complaint, but denies that the premises therein described belonged to or ever were the property of said Frank Wood. He admits the execution of the conveyances by the said defendants Jessie L. Wood, Cornelia Wood Hume, and Mary Scott Wood, of the said premises as stated in said eighteenth paragraph. He admits that said premises are in the State of Massachusetts, and that they are not in the jurisdiction of any court in the State of Michigan. He denies that either the defendants Jessie L. Wood, Cornelia Wood Hume, or Mary Scott Wood has appropriated to herself any part of said property or has become indebted thereby to the estate of said Frank Wood, deceased. He admits that he is in possession of, and has appropriated for his own use, the entire of said premises, but he denies that he has thereby become indebted to the estate of said Frank Wood for a single dollar.

"Further answering the eighteenth paragraph of said bill of complaint, he says that this defendant, and this

defendant alone, furnished the full consideration for the purchase of said land; that said Frank Wood furnished no part of said consideration; that he never had, and never claimed to have, any right, title or interest in and to said premises; and that he always recognized this defendant's full and unconditioned ownership of the same. After the death of the said Frank Wood, this defendant completed a cottage on said land for his own use. The expense thereof was paid from his own funds, and no creditor of the estate of said Frank Wood or any other person has any right of any name or nature in and to the said premises or cottage or part thereof. They are the sole property of this defendant. The defendants Jessie L. Wood, Cornelia Wood Hume, and Mary Scott Wood knew those facts and recognized the rights of this defendant, and, as soon as the defendant Mary Scott Wood arrived at her majority, they made the conveyance for the purpose of vesting the legal as well as the equitable title thereto in him."

The answers of the other defendants were to the same effect. Replications were put in to the several answers. No proof was introduced upon the part of the complainant in relation to the title to this property, except what was contained in the bill of complaint and in the answer. If it is true, as stated in the answer—and for the purposes of this case we must assume it to be true—that Frank Wood never had any interest in the Beverly property, the creditors could stand in no better position.

The decree is affirmed.

MCALVAY, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.