ROBERT KENT, GUARDIAN, Appellee v. H. A. LA RUE, Appellant.

136   113
140   315

**Cancellation of conveyance:** INCAPACITY OF GRANTOR. Knowledge
1   on the part of a grantee that his grantor was incapacitated to make a conveyance, or of facts from which such knowledge may be presumed, will authorize a cancellation of the conveyance.

**Same.** Where the sole consideration for a conveyance is an agree-
2   ment of the grantee to provide for the grantor, and in so doing he is under no obligation to pay out more than he receives from the rental of the property conveyed, he cannot object to a cancellation of the conveyance on the ground of incompetency of the grantor because he has in fact paid out more than he received and cannot therefore be placed in *statu quo.*

**Appeal:** TRIAL *de novo.* Although a cause is triable *de novo* on ap-
3   peal, still some effect will be given to the finding of the trial court.

*Appeal from Mahaska District Court.*— HON. JOHN T. SCOTT, Judge.

THURSDAY, OCTOBER 24, 1907.

SUIT in equity to set aside a deed made by E. J. Ballinger, plaintiff's ward, to defendant, La Rue, purporting to convey certain property in the city of Oskaloosa upon the ground that Mrs. Ballinger was unsound of mind and mentally incapable of executing such an instrument, and upon the further ground that it was obtained from her through fraud and undue influence. Defendant filed a general denial, and also pleaded part performance of an agreement which was part of the consideration of the contract. Upon these issues the case was tried resulting in a decree for plaintiff, and defendant appeals.— *Affirmed.*

VOL. 136 IA.—8

*J. O. Malcolm* and *J. F. & W. R. Lacey,* for appellant.

*L. C. Blanchard* and *Frank T. Nash,* for appellee.

DEEMER, J.— The appeal presents little or nothing save questions of fact; the law applicable thereto being well settled and generally understood. The first question in the case is the capacity of Mrs. Ballinger to make the deed in question, and if her incapacity be shown, and the case is unmixed with fraud, oppression and undue influence, did defendant have knowledge of such incapacity or of such facts and circumstances connected therewith as that he will be presumed to have had notice ? The other question of fraud and undue influence is not, of course, affected by defendant's knowledge. The deed in question was executed September 28, 1904, and was for the consideration of $1 and of a written contract of even date therewith, to which we shall presently refer. Embodied in the deed is this clause:

> This conveyance subject to the following conditions, to-wit: It is expressly agreed and understood that I, the grantor of this conveyance, shall have full possession of this property during the remainder of my natural life, shall receive all income for the same, and there shall be no alterations or improvements made without my consent, it being further agreed and understood that the above described property shall not be sold, transferred or mortgaged by the grantee herein named, until after my death, except it be for the purpose of supplying funds to provide for my welfare and comfort or to provide for the mortgage which is now attached to the property. The grantee herein named having the right and power to cancel said mortgage, renew the same with other parties and increase or decrease the amount of principal and interest in providing said funds as above set forth, and I warrant the title of the same to the said H. A. La Rue, and to his heirs and assigns against all persons whomsoever.

The contract which constituted part of the consideration reads in this wise:

Know all men by these presents: That in consideration of property which has this day been conveyed to me, I, H. A. La Rue, party of the first part, do hereby contract and agree to properly care for said property, and to transact and care for all business affairs of E. J. Ballinger, party of the second part, and to provide for her welfare and comfort during the remainder of her natural life, provided however, that I, H. A. La Rue, party of the first part, shall not be required to expend an amount exceeding that which may be derived from the property above referred to and described as lot number nine (9), out lot number fifteen (15), Dutton's Subdivision, O. P., Oskaloose, county of Mahaska and State of Iowa.   H. A. La Rue.   E. J. Ballinger.

These instruments are quite unusual, and suggest a singular situation.   At the time of the making thereof, Mrs. Ballinger was a widow, seventy-five years of age, and on the fourth day of November, 1905, she was adjudged insane and sent to the asylum at Mt. Pleasant.   A great deal of testimony was taken upon the issues presented, and it is manifest that we cannot do more than state our conclusions therefrom.   After a careful perusal of the entire record, we are constrained to agree with the trial court in its finding that Mrs. Ballinger was lacking in mental capacity to make the deed in question, and that defendant knew, or should have known, of her unsoundness of mind.   As has already been observed, the transaction was peculiar.   Defendant, in fact, paid nothing for the conveyance.   The consideration, if there was one, was his promise to care for the property and to transact all of Mrs. Ballinger's business and to provide for her welfare and comfort during her natural life.   But it was expressly agreed that he should not be required to furnish more toward these ends that he derived from the property deeded him.   On the other hand, Mrs. Ballinger reserved her right to full possession of the property during her natural life and was to receive the income therefrom.   Other provisions will be noted in reading the condition of the deed from which we have quoted.   The exact legal effect of these

instruments need not be determined, for it is apparent that defendant was not obliged to pay out anything on account of the conveyance, save as he derived it from the property. He testified that he had paid out something like $200 on Mrs. Ballinger's account, but it also appears that he has received $161.50 in rentals from the property. He was under no obligations to pay out more than he received and is in no position to insist that the conveyance be not set aside because he cannot be placed in *statu quo*. The transaction we do not regard as a fair one, and, even had defendant no knowledge of Mrs. Ballinger's condition of mind, we would be inclined to set the deed aside. The property was worth $2,500, and was incumbered by a mortgage of something like $300. This was all the property belonging to Mrs. Ballinger, and the transaction was practically a gift to the defendant of the property without other obligation on his part than to take care of Mrs. Ballinger during her few remaining years out of the income from the property.

The trial court had all the witnesses before him, and reached the conclusion that the deed and agreement before referred to should be set aside. Some effect should be given that holding, although the case is triable *de novo* in this court.

The decree seems to be equitable and just and it is *affirmed*.