MERCHANTS NATIONAL BANK v. MARION R. CRIST ET AL.,
Appellants.

Wills: PROVISIONS FOR SUPPORT: LIENS: TRUSTS: CREDITORS' RIGHTS. A
1   devise of property subject to an obligation to support and care
   for another during his life, which charge is made a lien on the
   property devised, does not create a trust, but imposes a mere
   duty on the devisees, which becomes obligatory upon acceptance
   of the provisions of the will; but the charge for care and support having been made a lien on the devised property, a cred-

itor of the beneficiary may proceed in equity to subject whatever amount should be paid by the devisees individually to the support of the beneficiary, to the satisfaction of a judgment against him.

**Spendthrift trust:** RIGHTS OF CREDITORS. Where a spendthrift trust has been created a creditor cannot deprive the beneficiary of the support thus provided for him, at least so long as it is in accord with his station in life; nor can the beneficiary and trustee by mutual agreement defeat the purpose of the donor.

**Wills:** PROVISION FOR SURVIVING SPOUSE: RIGHTS OF CREDITORS. A surviving spouse may surrender the right to the statutory estate in property of the other, accepting in lieu thereof other provisions of a will for support, and creditors of the beneficiary cannot complain or reach the interest thus acquired, unless it is of a nature which may be subjected to the satisfaction of their claims.

**Same.** A devise of property to children subject to a charge against the same to provide all the necessaries and care for the surviving spouse during life, amounts to a provision merely in the nature of security for performance of the obligation, and creates no interest in favor of the beneficiary that his creditors may reach in satisfaction of their claims, especially as long as the duty to provide and support is performed to the satisfaction of the interested parties.

*Appeal from Wright District Court.*—HON. R. M. WRIGHT, Judge.

MONDAY, NOVEMBER 23, 1908.

THE plaintiff, a judgment creditor of John M. Crist, brings this suit in equity to subject to the payment of its judgment a claim for support against M. R. Crist, D. E. Crist and Olive Nail, who are the children of his deceased wife and the executors of her estate. There was a decree for plaintiff, and the defendants appeal.—*Reversed.*

*Sylvester Flynn* and *Wesley Martin,* for appellants.

*McGrath & Archard* and *Nagle & Nagle,* for appellee.

McCLAIN, J.—The deceased wife of John M. Crist died possessed of property of the value of about $12,000, which by her will was devised and bequeathed to the defendants, her children, subject to the following provision: "My beloved husband, John M. Crist, being now over seventy-two years of age and incapable of taking an active part in business affairs of any kind, I hereby obligate and direct my said children to provide him all of the necessaries and take good care of him for the remainder of his life, and I hereby make his support and care for life a lien upon the property above mentioned. This provision in favor of my husband is made in lieu of his distributive share in the property that I own at the time of my death." The three children were by the will designated as executors of the estate and authorized to sell and convey real or personal property without order of court. The surviving husband, being duly served with notice of the provisions of the will, filed his written election to accept such provisions in lieu of his distributive share in his wife's estate. Plaintiff asked to have the provision made in the will in behalf of the surviving husband subjected to the payment of its judgment, and the court found that the care and support which the defendants were by the will bound to provide for their father was of the value of at least $325 per year during the remainder of his life, and decreed that defendants, as executors, pay to the clerk of the district court to be applied on plaintiff's judgment semiannually the sum of $162.50 so long as their father should live until plaintiff's judgment should be satisfied.

It will be noticed from the paragraph of the will above quoted that the executors are not made trustees for the purpose of carrying out its provisions in behalf of the surviving husband, but their duty is to settle the estate and to distribute the property among themselves as devisees and legatees; the duty to support and care for their father being

1. WILLS: provisions for support: liens: trusts: creditors rights.

a duty imposed upon them individually, and the charge therefor being made a lien on the property devised and bequeathed to them. We think that the court erred in entering a decree evidently contemplating the control of the property by the executors so long as the husband should survive, and thus in effect creating a trust fund, the proceeds of which should be applied so far as necessary to make the payments upon plaintiff's judgment. No complaint of the decree on this ground is made by the appellants; but, for the purpose of properly disposing of the questions argued by counsel, it is necessary to consider the law in this respect, and we find that the will does not create any trust, but imposes a duty upon the three children, as devisees, to support and care for their father. This duty would become obligatory upon them by the acceptance of the provisions of the will in their behalf. Inasmuch, however, as the charge for care and support was made a lien upon the property, plaintiff has properly proceeded in equity to subject the property so far as is necessary to the payment of whatever amount should be paid by defendants individually toward the satisfaction of plaintiff's judgment.

That the provision for the surviving husband is not in the nature of a trust is decided in *Riddle v. Beattie,* 77 Iowa, 168, wherein the plaintiff, who had conveyed real estate to one Townsend in consideration of Townsend's agreement to furnish support to plaintiff during life, asked to have such agreement enforced in equity as against the defendant, who had taken a conveyance of the land from Townsend, assuming the obligation to furnish the agreed support to plaintiff. In that case the court said: "The facts alleged in the petition do not establish a trust, arising either between plaintiff and Townsend, or plaintiff and Townsend and defendant. The petition shows that Townsend undertook to support plaintiff, and, in consideration of such agreement, the land was conveyed to

him.  There is not a word in the petition showing a trust
arising in the transaction.  Defendant held the absolute
title, free from any trust, and became liable to plaintiff
as upon any other contract, in case he failed to perform
his obligation to support her.  Defendant assumed and
undertook to carry out Townsend's contract, and, of course,
became bound just as he was bound by the obligation of
the contract, and not as a trustee."  So in this case the
children, by accepting their mother's property—and we as-
sume that they have accepted the provisions of the will in
their behalf by becoming executors thereof—have become
bound to perform the duty imposed upon them by the will
to support and care for their father, and the only substan-
tial difference in principle between the case before us and
the case cited is that here the charge is made a lien upon
the property.

As the will creates no trust, the argument for appel-
lant based on the doctrine of spendthrift trusts, so called,
which is that, where property is left to a trustee, the
proceeds to be used for the support of a
designated beneficiary, the interest of such
beneficiary may not be subjected to the pay-
ment of his debts, is not pertinent, and we need not stop
to discuss the question, as to which many authorities are
cited, whether, in the absence of a specific provision termi-
nating the rights of a beneficiary in case of bankruptcy
or insolvency, a limitation will be implied such as will
deprive his creditors of any claim upon the proceeds which
would otherwise be paid to the beneficiary.  This court
has given some recognition to the doctrine of spendthrift
trusts in *Olsen v. Youngerman*, 136 Iowa, 404, where it is
held that the trustee and beneficiaries can not by mutual
agreement terminate such trust and defeat the purpose of
the donor to give to the beneficiary a support which shall
be free from the claims of creditors.  The courts in this
country seem generally to have held that creditors can not

2. SPENDTHRIFT
TRUST: rights
of creditors.

deprive such a beneficiary of the support provided for him out of trust property, at least so long as it is in accordance with his station in life. *Baker v. Brown,* 146 Mass. 369 (15 N. E. 783); *Seymour v. McAvoy,* 121 Cal. 438 (53 Pac. 946, 41 L. R. A. 544); *Johnston v. Zane's Trustees,* 11 Grat. (Va.), 552, 569; *Wales' Adm'r v. Bowdish's Ex'r,* 61 Vt. 23 (17 Atl. 1000, 4 L. R. A. 819); *Roberts v. Stevens,* 84 Me. 325 (24 Atl. 873, 17 L. R. A. 266); *Lee v. Enos,* 97 Mich. 276 (56 N. W. 550); *Moore v. Simmons,* 2 Head (Tenn.) 545; *Stow v. Chapin,* 51 Hun, 640 (4 N. Y. Supp. 496); *Wilder v. Clark,* (City Ct.) 11 N. Y. Supp. 683.

In some of these cases emphasis is laid on the fact that the provision for the beneficiary is a mere gratuity from which creditors should have no advantage, and in this respect the present case is materially

3. WILLS: provision for surviving spouse: rights of creditors.

different from those cited. Here the surviving husband was entitled to a one-third interest in his wife's estate of which no will of hers could deprive him without his consent, and the share of her property which he might have taken would have become liable to be subjected to satisfaction of the claims of creditors. It is very justly urged by counsel for appellee that the provision which the surviving husband accepted in lieu of his statutory share in his wife's estate was practically purchased by the surrender of such statutory share, and, if the benefit accruing to him under the will is of such nature that it can be subjected to the payment of his debts, there is no reason why it should not be thus subjected.

On the other hand, the surviving husband had a perfect right to relinquish his statutory share and accept the provision made in the will. This kind of an election can not be controlled by creditors, although it may result to their disadvantage. *Shields v. Keys,* 24 Iowa, 298; *Brightman v. Morgan,* 111 Iowa, 481. Thus we have re-

cently held that the election of a surviving husband to take the homestead for life exempt from liability to his creditors, in lieu of a distributive share which might have been subjected to the payment of his debts, is valid as against the creditors. *Pickenbrock v. Knoer,* 136 Iowa, 534. The fact, then, that the husband surrendered a right to property which might have been subjected to the payment of his debts, in exchange for the benefit which would accrue to him under the provision for his support, would not entitle his creditors to subject the benefit accruing to him out of such provision to the payment of their claims, unless the nature of the right accepted by him under the will is such that it may be reached by creditors.

We therefore reach the final question in this case unincumbered by other considerations, and that is whether the provision in the will for the support of the surviving

4. SAME.

husband of testatrix, father of the defendants in this action, is such in its nature that his creditors may subject it to the satisfaction of their claims. It is to be noticed that testatrix obligates and directs her children to provide their father with all of the necessaries and to support and take good care of him for the remainder of his life. By way of security for the performance of such obligation and direction, she makes his support and care for life a lien upon the property devised by her to her children. The duty imposed is broader than that of providing for support. It involves the care of the father, and, as reasonably interpreted, such care as children owe to an aged and infirm parent. It may be that, so far as the care required goes beyond the furnishing of necessaries and support, the duty could not be enforced in courts of law by reason of the impracticability of measuring the value of such care in money, and it follows that some of the benefits at least which the surviving husband was to receive under the pro-

visions of this will could not be discharged by paying to
his creditors the cost of his support.

It is to be borne in mind that the question now be-
fore us is as to the right of plaintiff to compel defendants
to pay money to be applied in the satisfaction of their
father's debt as a full or partial discharge of their obliga-
tions to their father, and plaintiff's claim to have defend-
ants' obligations converted into money and applied to the
satisfaction of its judgment can not be greater in extent
than the father's right to enforce payment of money in
satisfaction wholly or in part of defendants' obligation, in
the absence of any claim by creditors. In other words,
it is not for the plaintiff, a creditor, by intervening between
the beneficiary under this provision of the will and the
devisees, to convert the duty of the latter into an obliga-
tion to pay money, unless such an obligation could be en-
forced by the beneficiary himself. To put it in another
way, the rights of creditors, in the absence of any alle-
gation and proof of fraud, can not be higher than the
rights of the beneficiary, for we are now concerned only
with determining the pecuniary liability of the defend-
ants. The question at once suggests itself whether the
father could by his own act, and without any breach of
the duty imposed on his children, by accepting the prop-
erty under the will, convert his claim against them for
support and care into a claim for money. We have fre-
quently had occasion, in cases arising out of a claim for
care and support for life in consideration of a conveyance
of property, to recognize the principle that only when
such care and support is not furnished as contemplated in
the conveyance can the grantor have relief in the courts.
*Patterson v. Patterson,* 81 Iowa, 626; *Walker v. Walker,*
104 Iowa, 505; *Lewis v. Wilcox,* 131 Iowa, 268; *Gardner
v. Lightfoot,* 71 Iowa, 577; *Johnson v. Johnson,* 52 Iowa,
586; *Kent v. La Rue,* 136 Iowa, 113. Thus in *Newman
v. French,* 138 Iowa, 482, it is said that only when the

obligation to support, which has been contracted for as the consideration of an agreement to convey, has been fully performed, can the contract be enforced in an action for specific performance and it is suggested that only when the person to be supported has had reason for declining to receive the support provided or tendered in performance could he insist that the continuing obligation had been broken.

In the light of these cases, we think it clear that the duty to furnish care and support to an aged and infirm parent is not primarily a duty to pay money for that purpose, but rather a duty to give the care and support in the family which is usually given to parents without other home, and that no duty to pay money arises until there is a failure to furnish to the parent such a home as the natural relations of the parties would suggest as the proper performance of the obligation. This is the obligation which was clearly contemplated in the provision of the will now under consideration, and we think that, until defendants have failed to furnish such support, no duty to pay money can be implied either in favor of the father himself or of his creditors. The duty was a personal one involving services, rather than compensation, and convertible into an obligation to make compensation only by a failure to render such services. Plainly the father could not have assigned to another his right to receive care and support during his life. The service required was so distinctly a personal service to the father that it could not be converted by him into a money claim. Why, then, should plaintiff be allowed to convert it into a money claim and compel defendants to pay money by way of substitution for the rendition of the personal services which they are willing and able to render? What is said in *Slattery v. Wason,* 151 Mass. 266 (23 N. E. 843, 7 L. R. A. 393, 21 Am. St. Rep. 448), with reference to the claim of a creditor to subject the interest of a beneficiary,

who under the provisions of a will was entitled to support
from a child who was devisee, seems peculiarly applicable
here:

One answer to this is that the court will not inter-
fere to change the relations of the parties at the request
of a stranger. The owner of the fund is not a trustee,
and his mother is not a *cestui que* trust who, or whose
representatives, can call him to account as a trustee. He
is the absolute owner of the fund, subject to the charge of
his mother's support. He owes a duty to his mother, and
she has a right against him. So long as the parties are
satisfied, there is no occasion for any court to interfere
with them. If he fails to perform his duty, the court on
her application will in some way protect her rights. It
may require him to give security, or it may organize a
trust fund and make him or some other person trustee,
and thus change the relation of the parties and the char-
acter of the fund; but the court ought to thus interfere
and act only at the instance of the party in interest, and
to protect her rights under the will by carrying out the
intention of the testator. It will not without her com-
plaint, and against her wishes, interfere at the suit of a
third party to institute a trust, and to change the charac-
ter of the fund and the relation of the parties to it, in
order to defeat the intention of the testator, not only as
to his daughter-in-law, but also as to his grandson. The
whole fund is given to the grandson, charged only with
the support of his mother. Whatever is not required for
her support is his to enjoy. What is paid to her creditors
is not used for her support, although it is paid by him.
If the court should attempt to recoup his loss by limiting
the amount which he should be liable to pay for his
mother's support to the amount he is to pay her creditors,
while this would deprive her of a right of support under
the will, it could not relieve him from his statutory obliga-
tion to support her. If, however, the relations of the par-
ties and the circumstances were such that the court would
fix and secure to Mrs. Wason (the beneficiary) the amount
which should be paid to her for her support, it would
take care that by so doing it did not change the condition
of the property, so as to defeat, instead of carrying out, the

intention of the testator. If such action was sought by Mrs. Wason to protect her rights, the decree should be so framed as not to render the right alienable. When the parties do not desire the aid of the court, it will not interfere at the suit of a creditor to change the condition of the property, and thereby give him rights which the will alone does not give him, and which the testator did not mean that he should share.

The effect of sustaining the decree of the lower court in this case would be to require defendants to pay money in satisfaction of their father's debt out of property which in no sense belongs to the father, and which was not acquired from him, and which is not held in trust for his benefit, but only subject to a charge in his behalf, and leave them still bound under the will to take good care of him for the remainder of his life, and bound under the statute to furnish him support; that is, the very support in lieu of which the court requires money to be paid. It was plainly the intention of testatrix to impose upon the defendants, as devisees, the general, moral, and statutory duty of providing for their father in his old age by furnishing him a home and the necessaries of life. The parties have so construed the will, for, as appears in the record, the defendants have been living together as one family and furnishing a home to their father to his satisfaction. The only provision of the will which affects the property left to the defendants is that making the support and care for the father a lien upon the property in case of breach of duty by the defendants. The father may no doubt enforce against the property a lien for a money claim so far as the breach of duty of defendants can be compensated in money under the usual rules for measuring damages in case of a breach of such contract, but we are clearly of the opinion that plaintiff has no right to convert defendant's duty into an obligation to pay money, and thereby throw an additional burden on defendants, for it is

to be assumed that, even after payment of the money which by the decree they are required to pay, they will continue to perform the obligations not only of the will, but of the statute to care for and support their father.

For the reasons indicated, the decree is erroneous not only in imposing a continuing duty upon defendants as executors, but, also, if it be construed as defining the duty of defendants as devisees, in requiring payment by them individually of money towards the satisfaction of plaintiff's judgment.—*Reversed.*