HELEN SADOWSKY, Respondent, v. JACK P. SADOWSKY and Others, Appellants, Impleaded with ABRAHAM E. ROTHSTEIN, Defendant.

First Department, May 4, 1934.

*William Klein* of counsel [*Milton R. Weinberger* with him on the brief; *William Klein*, attorney], for the appellant Jack P. Sadowsky.

*Joseph J. Cunningham* of counsel [*Stein & Salant*, attorneys], for the appellants Reuben Sadowsky, Nathan Sadowsky, Rose Sadowsky and Morton Stein, as trustees.

*David A. Aronson*, for the appellant R. Sadowsky, Inc.

*Harold L. Allen*, for the respondent.

UNTERMYER, J. On June 15, 1917, the defendant Reuben Sadowsky established a trust, the income of which he directed to be paid to his son, Jack P. Sadowsky, during life. Reuben Sadowsky and the defendants Nathan Sadowsky, Rose Sadowsky, Abraham E. Rothstein and Morton Stein were named as trustees. The trust agreement expressly provided that neither the principal nor the income should be alienable, assignable or pledgeable by any beneficiary for any purpose and that if any beneficiary should twice violate or endeavor to violate these provisions, the trustees should have power to deprive the beneficiary of all interest in the trust.

In 1920 the plaintiff was married to the defendant Jack P. Sadowsky. In January, 1922, they separated and in May of that year entered into a separation agreement whereby Jack P. Sadowsky agreed to pay the plaintiff $10,000 a year in equal monthly installments for her maintenance and support. In December, 1931, Jack P. Sadowsky assigned all his interest in the principal and income of the trust to the defendant R. Sadowsky, Inc., as collateral security for an indebtedness to that corporation. On May 15, 1932, Jack P. Sadowsky ceased making payments to the plaintiff under the separation agreement and thereafter she recovered judgment against him for several monthly payments, aggregating $5,175.74.

Execution having been returned unsatisfied, the plaintiff seeks judgment in this action that so much of the income of the trust, in excess of such sum as may be reasonably necessary for the support of Jack P. Sadowsky, be applied to the payment of her judgment and to the payment of any other sums due or to grow due under the separation agreement. As the basis for this relief the plaintiff alleges that Jack P. Sadowsky receives over $6,000 a year as income from the trust; that he is wholly supported by his father, Reuben Sadowsky; that he receives a salary of $6,500 a year from R. Sadowsky, Inc., and that $2,500 is sufficient for his support. The allegations of the complaint are admitted by the answers of the defendants, except that it is denied that the income of the trust is $6,000, that Jack P. Sadowsky is supported by his father and that $2,500 is sufficient for his support. The defendants also set up, as an affirmative defense, the assignment by Jack P. Sadowsky to R. Sadowsky, Inc., of all his right, title and interest in the trust.

Such being the contentions of the parties the court found on the pleadings alone and without other evidence that the entire income of the trust was surplus income and should be applied to the claims of the plaintiff. The court further found that the assignment

executed by Jack P. Sadowsky to R. Sadowsky, Inc., was void and directed that it be vacated. It accordingly granted the plaintiff's motion for judgment on the pleadings and denied the defendants' cross-motion for judgment on the pleadings dismissing the complaint.

We are of opinion that judgment should not have been granted in favor of either party. On the pleadings there is a real issue as to whether the income of the trust fund is necessary for the support of Jack P. Sadowsky. Although it is conceded that he receives a salary of $6,500, it is impossible to hold, in view of the denials in the answers, that, as matter of law, the salary alone is sufficient for his support and that the entire income of the trust fund, the amount of which is also in dispute, constitutes a surplus available to creditors under section 98 of the Real Property Law. On a trial it might appear, for instance, that the beneficiary is subject to extraordinary expenses, or perhaps that the salary is assigned to satisfy the claims of other creditors. Apparently the justice at Special Term disposed summarily of this issue because Jack P. Sadowsky had assigned his interest in the trust to R. Sadowsky, Inc., as collateral security for a debt. He concluded, therefore, that the income of the trust was not required for the support of the beneficiary. The fact that the beneficiary had assigned his interest in the trust would no doubt be entitled to consideration at the trial, but it cannot be said to be conclusive as matter of law. There may be answers to any inference arising from that fact by reason of conditions which the pleadings do not disclose. The issue cannot be decided without knowledge of the circumstances under which the assignment was made. The defendants should not have been precluded by a judgment on the pleadings from establishing that the income of the trust is necessary for the support of the beneficiary. (*Kilroy* v. *Wood*, 42 Hun, 636; *Demuth* v. *Kemp*, 159 App. Div. 422; *Graff* v. *Bonnett*, 31 N. Y. 9: *Stow* v. *Chapin*, 51 Hun, 640; 4 N. Y. Supp. 496.)

The order in so far as it grants plaintiff's motion for judgment on the pleadings, and the judgment entered thereon, should be reversed, with costs to the appellants, and the said motion denied. The order in so far as it denies cross-motion of defendant Jack P. Sadowsky to dismiss the complaint should be affirmed.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment appealed from and order so far as it grants plaintiff's motion for judgment on the pleadings reversed, with costs, and the motion denied. Order in so far as it denies cross-motion of defendant Jack P. Sadowsky to dismiss the complaint affirmed.