In the Matter of the the Estate of CHARLES W. TURNER, Deceased.

Surrogate's Court, New York County, October 15, 1942.

*Frank D. Arthur* for Irving Trust Company, trustee.

*Armen D. Anderson, Jr.,* for Pierrepont E. Twitchell, as administrator (limited) of the estate of Charles Wesley Turner, Jr.

*Bacharach & Lerner* for Joseph Dreesen, Jr., judgment creditor.

*Paul Koch* for Lena Kleinman, judgment creditor.

*Samuel Mezansky* for Irving Spieler, judgment creditor, on original argument.

*Irving Spieler,* judgment creditor, in person, on reargument.

DELEHANTY, S. Under the will of deceased the income of a trust was payable to his son Charles W. Turner, Jr., who died on June 18, 1941. After the son's death the trustee accounted and shows in its hands the sum of $582.63 representing income accrued to June 18, 1941, and not paid to the life tenant prior to that date.

On December 10, 1932, a creditor obtained against the income beneficiary a judgment for $799.50. A garnishee order was issued under section 684 of the Civil Practice Act which directed the trustee to pay to the creditor twenty dollars per month out of the beneficiary's income. A total of $540 has been paid. The balance of the debt remains unpaid.

Later and on August 13, 1936, another creditor obtained a judgment against the income beneficiary for $6,300. This judgment creditor obtained on December 1, 1936, an order under section 793 of the Civil Practice Act directing the trustee to pay her twenty dollars a month. She later obtained a superseding order dated October 20, 1937, under which the payments were increased to seventy-five dollars per month. On this judgment $3,500 had been paid at the life beneficiary's death. The balance of the debt remains unpaid. The income beneficiary consented to the entry of the order.

Still later and on October 23, 1940, a third judgment was entered against the income beneficiary for $15,000. Thereafter and on October 30, 1940, an order was made under section 793 of the Civil Practice Act directing the payment to this judgment creditor of all the remaining income of the trust above the ninety-five dollars required to be paid under the effective prior orders. Up to the death of the income beneficiary $449.46 had been paid to this judgment creditor. The balance remains unpaid. The income beneficiary consented to the entry of this order also.

Each of the judgment creditors makes a claim to the undistributed income now in the hands of the trustee. Their respective claims follow the tenor of the respective orders procured by them. The fund is claimed in its entirety by the administrator of the estate of the income beneficiary. His answer

demands payment of the funds to him in disregard of the outstanding orders. The balance now in hand represents income which was accruing while the income beneficiary lived but which was not received by the trustee until after the death of the income beneficiary. The record sufficiently shows that the income beneficiary was insolvent.

Note should be made of the fact that the administrator of an insolvent estate is not bound by any acts of a deceased done in fraud of his creditors. The administrator may repudiate the transfers made by the deceased (Personal Property Law, § 19; Cons. Laws, ch. 41), and will be in duty bound to do so if necessary to a proper distribution of deceased's funds. It is apparent at once that the only forum in which proper action can be taken in this respect is in the administration of the insolvent's estate. In no other place will *all* the insolvent's creditors have an opportunity to be heard. In this accounting proceeding only the three judgment creditors are present, and they would not be here at all except for service of the orders on the trustee and the consequent citing of the judgment creditors by the trustee. It is a commonplace that collusive judgments have been obtained. The court does not suggest that any of the three judgments here involved are other than proper adjudications of deceased's liability. However, the other creditors of the deceased income beneficiary, if there be any, have the right to challenge each and all of the judgments. They at least would not be precluded from attack on the orders, since they were not parties to the making of them. Despite any consent of the income beneficiary to the entry of the judgments and the orders entered thereon the administrator (under section 19 of Personal Property Law) is free to attack their validity, but only if the beneficiary's estate is insolvent and only in a proceeding in that estate. On the present record the trustee was authorized to make the criticised payments and cannot be surcharged therefor. The administrator can recover the payments, if at all, only from the creditors and only in a proceeding directed to that purpose in which the paid creditors are parties. For these reasons the objections of the administrator which seek surcharge of the trustee are overruled.

Nonetheless there is support for the administrator's contention that the accrued income now in the hands of the trustee is payable to him. The provisions of section 684 of the Civil Practice Act provide for a continuing levy on " income from trust funds   *   *   *   *   *du e and owing to the judgment debtor.*" The section authorizes the person handling such income to pay ten per cent thereof out of moneys " *due and owing to the judg-*

*ment debtor* \* \* \* or to become *due to said judgment debtor."* In prescribing the duty of the person to whom the execution is presented similar reference is made to indebtedness to *" such judgment debtor."* This section patently relates only to funds which the judgment debtor is entitled to demand. The continuing levy becomes operative as to future income only when that income is payable *" to the judgment debtor."* The judgment debtor as a sentient human being is essential to the proceeding under section 793 of the Civil Practice Act. His necessities and those of a family dependent upon him are a substantial element in the procedure under the section. What his necessities are and what his resources are raise issues of fact which in a proper case will have to be tried (*Sadowsky* v. *Sadowsky,* 241 App. Div. 157). The court issuing an order under section 793 of the Civil Practice Act has undoubted power to modify the order as the necessities of the debtor or of his family make modification proper. The section is plainly one which operates during the life of the judgment debtor and controls the disposition of income which he *personally* could use except for the order. This conclusion is in accord with the decision in *Matter of Kaplan* v. *Peyser,* 273 N. Y. 147. There (p. 149) the court speaks of the word " acquired " used in section 793. It shows that the word is used to connote the *receipt* of the proceeds of a trust investment. While the amendment to section 792 made in 1941 has altered the rule of law laid down in the cited case, the discussion to which reference has just been made is still pertinent. It shows that in respect of trust income the orders operate only on what the beneficiary *acquires.*

The provisions of section 793 of the Civil Practice Act are reciprocal. They require the judgment debtor on the one hand to appropriate what he *acquires* and they impose a complementary liability on the person who owes wages or other moneys to the debtor to make the payments required out of what is *owed.* The debtor cannot be punished for contempt if in fact there is no income *demandable* by him (*Compton & Co.* v. *Williams,* 248 App. Div. 545 at 550), nor could an employer (or here the trustee) be compelled to make any payment until payment was due (*Sobel* v. *Sobel,* 249 App. Div. 647). Nothing turns on the fact that the orders were obtained before the judgment debtor's death because the fund here in controversy was *never payable to the judgment debtor,* and hence never came within the operative area of the orders upon which the judgment creditors rely.

The equitable right which the deceased income beneficiary had when he died ripened into an enforceable claim only after

his death. That right was part of the assets of the deceased which vested in his representative on deceased's death. Under our system of administering estates the assets of a deceased must be reduced to possession by the estate representative and then be paid out as directed by statute. Submit, on notice, decree settling the account and directing payment of the fund in question to the administrator of the estate of the deceased income beneficiary.

On reargument, December 8, 1942.

DELEHANTY, S. Reargument is sought of the decision of the court heretofore made directing payment of the fund in controversy in this estate to the administrator of the estate of the life beneficiary. The point now urged was fully covered by the decision heretofore made and such decision is in all respects adhered to. The attention of the moving party is called to the case of *Sarver* v. *Towne* (285 N. Y. 264) where the Chief Judge writing for a unanimous Court of Appeals said (p. 271) : " A continuing lien arose from service of the garnishee order but no property passed to the Sheriff or to the judgment creditor or the trustee in bankruptcy until a part of the income was collected." See also *Matter of Edelmuth* (265 App. Div. 20). No useful purpose is served by restating the views of the court already declared in the decision heretofore made. It is the view of the court that the fact of death of the life beneficiary before any of the fund now in controversy was due to him requires that the fund pass for administration through his estate.

The decree to be entered in the accounting proceeding may recite the making of this motion for reargument and the disposition of it by the court. Proceed accordingly.