S. Samuel Di Falco, S.
The administratrix instituted this discovery proceeding to compel delivery of certain personal property allegedly owned by the decedent. Although there are three respondents in this proceeding and the petition refers to a number of items of property, the issues presented at the hearing related only to the respondent Estelle Berman and to the following property: (1) a diamond pin; (2) a television set; (3) bankbook of Central Savings Bank in the joint names of decedent and respondent, with balance at the time of decedent’s death of $4,603.02; (4) bankbook of Central Savings Bank in the joint names of decedent and respondent, with a balance at the date of decedent’s death of $413.26.
The court finds that the pin was the subject of a valid gift by the decedent to the respondent. It had originally belonged to the respondent’s mother, had been given to the decedent by her, and, in turn, was given by the decedent to the respondent. The court finds that the television set was the subject of a valid gift by the decedent to the respondent’s children.
*426 The bank accounts were in the joint names of the decedent and the respondent, and, there being no question whatever concerning the competency of the decedent or her freedom from coercion, the ownership would be vested in the survivor upon the death of the depositor. (Matter of Creekmore, 1 N Y 2d 284; Matter of Fenelon, 262 N. Y. 308; Banking Law, § 239, subd. 3.) However, the estate of the decedent is insolvent. The administratrix claims that the proceeds of the bank account, or at least a portion of the proceeds, is required to pay the just debts of the decedent and the expenses of administration. The administratrix contends that the decedent did not have sufficient assets to pay her existing debts at the time the accounts were opened.
An administrator has the power and authority, and, indeed, is under the duty, to disaffirm transactions of the decedent made in fraud of creditors. (Personal Property Law, § 19; Matter of Weinberg, 162 Misc. 867, 875; Matter of Turner, 179 Misc. 217, 219; Matter of St. John, 163 Misc. 17, 24; Matter of Kenney, 171 Misc. 87, 89; Matter of Sanchez, 58 N. Y. S. 2d 230, 237.) It has been held that the fiduciary may disaffirm and recover the moneys in a discovery proceeding when the sum involved is less than the demonstrated claims of creditors. (Matter of St. John, supra.) It has been held also that this court has jurisdiction to entertain an original application to annul the transfer. (Matter of Caplan, 196 Misc. 631, 632.) The ease last cited was one by an executor to enjoin the use of the transferred property until it shall have been determined whether or not the property was in fact necessary to satisfy proper claims against the decedent. Mr. Surrogate Fbaxkenthaleb traced the history of the equitable jurisdiction of this court in such matters and ruled that the court had jurisdiction of such a proceeding.
In the pending ease the accounts were opened respectively, on December 23,1960 and January 11, 1961. The decedent died February 19, 1961. On February first, when as the respondent testified, the decedent gave her the pin and the bankbooks, the decedent was in the hospital. It is conceded that none of the moneys deposited in the accounts belonged to the respondent. The decedent had been the proprietor of a retail dress shop. Her administratrix has been able to collect gross assets of only $1,636.50. At the time the joint accounts were opened, the decedent’s liquid assets were substantially less. The claims that have thus far been filed with the administratrix exceed $4,000. Excluding hospital and funeral expenses, her attorney testified that claims would amount to more than $3,000.
*427 At this point in the administration, the petitioner is not able to prove how many of the claims are valid and payable and to show which obligations had been incurred by the decedent, or were being incurred by her, at the time the accounts were opened. This proceeding is in form a discovery proceeding, but the court has the equitable power to mould its relief to the case before it. At this stage of the development of civil practice, the title of a civil proceeding is not the decisive test of the petitioner’s right to any relief. Both parties are before the court. They have presented the issues to the court. On the basis of the record before it, the court must give such directions as justice to all interested persons demands.
On the basis of the present record, the court cannot now direct delivery of the proceeds of the accounts to the petitioner. The respondent would be entitled to retain the funds under the statute and under the decisions except to the extent that this gratuitous transfer by the decedent was in fraud of her creditors. For the reasons stated above, the application to direct delivery of the proceeds must be denied at this time, without prejudice to a renewal of the application in the accounting proceeding. At this time, the petitioner having disaffirmed the transaction as in fraud of creditors, and it appearing that the decedent was rendering herself insolvent by the transfers, the respondent will be required to give assurance that the moneys will not be dissipated pending the judicial settlement of the petitioner’s account. The attorneys should be able to agree upon an appropriate method of assuring protection of the necessary funds. If they are unable to do so, the court will make appropriate directions thereof. The respondent herein will be a necessary party to the accounting proceeding. In that proceeding a final disposition of the issues will be possible.